(25 App. Div. 409.)

BEARDSLEY v. McCUTCHEON.

(Supreme Court, Appellate Division, Fourth Department. February 6, 1898.)

1. CONTRACTS—MODIFICATION—VALIDITY.

Legatees and executors rented two separate farms to J. and to M., colegatees, for their lives, and a certain rent was to be paid annually, reserving the amount due the lessees as legatees on each annual division of the rental money between the legatees, which money was to be divided "without any deduction for any cause whatever." Thereafter J. became unable to pay his rent, and it was agreed by the legatees other than M. that J. might surrender his lease, which he did, and that M. also might surrender hers, which she refused to do. The premises formerly leased by J. were afterwards rented for a much less amount. Held, that M. might continue to reserve her share of the rent under the two leases as originally entered into.

2. SAME—EXECUTION—ESTOPPEL.

One who sues on a lease founded on and executed in pursuance of a contract cannot assert that the contract was not properly executed.

Appeal from trial term, Orleans county.

Action by H. Spencer Beardsley, as trustee, against Ellen H. McCutcheon. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Thomas A. Kirby, for appellant.
Isaac S. Signor, for respondent.

ADAMS, J.  This is an action for rent, and the undisputed facts of the case are briefly these, viz.:  Prior to August 16, 1884, one Peter Johnson, who at the time of his decease was the owner of the demised premises, departed this life, leaving a last will and testament, in and by which he nominated and appointed Dwight P. Johnson and Finnette B. Crossett his executors, and devised to them the premises in question, together with certain other premises, in trust, to receive the rents, issues, and profits thereof during the lifetime of two of his daughters. After the decease of the testator, a contest arose over the probate of his will, but the controversy was subsequently compromised, and as the result of such compromise all the adult legatees, including the above-named executors, entered into a written agreement on the

22d day of March, 1884, in and by the terms of which it was stipulated that the premises in question should be leased to the defendant during the lifetime of the two daughters who are the beneficiaries named in the will, or the survivor of them, at the annual rental of $403.20, and that certain other premises owned by the testator at the time of his decease should be rented to Dwight P. Johnson, one of his executors, at the annual rental of $668. It was further agreed that each tenant should pay all the taxes and insurance, and make such repairs as were necessary upon the premises respectively demised; that the net income arising from such rental should be equally distributed to the several legatees mentioned in the will of Peter Johnson; and that the defendant might, upon the annual division of such rental moneys, retain her share thereof, to be applied towards the payment of the rent reserved for the premises leased by her. In pursuance of this agreement Dwight P. Johnson went into occupation of the premises leased by him, and continued therein down to the 1st day of April, 1896. It appears, however, that on the 2d day of July, 1895, the accounts of Dwight P. Johnson, as executor of Peter Johnson, were judicially settled by the surrogate of Orleans county, and it was then discovered that he was largely in arrears for the rent owing by him, and that he was unable to pay the same. It was thereupon agreed by three of the five legatees other than the defendant that Dwight P. Johnson should be permitted to surrender his lease, and that the defendant should also, at her option, be at liberty to surrender hers. Thereupon Dwight P. Johnson did surrender his lease, and he and his co-executor resigned their trust, but the defendant declined to avail herself of the option offered her, and continued in the occupation of the premises under her lease. Subsequently the plaintiff was duly appointed testamentary trustee in the place of the executors who had resigned, and, after making diligent effort to secure a tenant for the Dwight P. Johnson premises, he finally leased the same to one Marcellus, for the annual rental of $600, the estate to pay all taxes except the highway tax, and for all necessary repairs made to the buildings upon the demised premises. Upon this state of facts arises the main contention of the case, the plaintiff insisting that the defendant is only entitled, under the agreement of March 22d, to one-fifth of the net income arising from the rental of the two farms upon the basis of the rent reserved in the Marcellus lease; while, upon the other hand, the defendant claims that she is entitled to have the distribution or division made upon the basis of the original lease to Dwight P. Johnson; and in her answer she alleges that she has offered to allow judgment to be entered against her for the amount due her father's estate upon the latter basis. The learned trial court sustained the plaintiff's contention, and the correctness of its conclusion is consequently the principal question to be determined upon this appeal. We are persuaded that a very brief reference to the language of the agreement which determines the rights of the respective parties will possibly furnish the most satisfactory solution of the controversy, and by adopting this course it will be found that the agreement of March 22d, after reciting that it is entered into for the purpose of settling all litigation and dispute arising out of the contest of the will of Peter Johnson, provides that the executors

and trustees shall execute a lease of the home farm of 167 acres to D. P. Johnson "during the lives of said D. P. Johnson and Ellen H. McCutcheon, or the survivors of them, for the annual rental of $668, to be paid to the executors on the 1st day of December of each year, reserving the amount due said lessee (D. P. Johnson) on each annual division of the rental money." Then follows a like provision for leasing the "Stillwater" farm of 126 acres to the defendant during the lives of Emily A. Johnson and Finnette B. Crossett, or the survivor of them, and the further stipulation as to the payment of the taxes and insurance by the respective tenants, to which reference has already been made. The lessees also expressly agree to pay to the executors the annual rental to be specified in their respective leases, excepting and reserving such amounts as shall be due them at each annual division of the rental money, and the executors agree to make such division "without any deduction for any cause whatever." In pursuance of this agreement, leases were subsequently executed to the respective lessees, and it is ·conceded that both Emily A. Johnson and Finnette B. Crossett were living at the time this action was commenced. It will be seen, therefore, that the defendant and the plaintiff's predecessors are parties to an express contract providing that certain premises shall be leased upon terms and conditions which are fixed and definite; and, as this contract is still in force, we are unable to see upon what principle the plaintiff claims the right to modify its terms without the defendant's consent. It is somewhat remarkable that the contract should not have contained some provision for just such a contingency as eventually happened, but it is concededly silent upon that subject; and, as the parties appear to have executed it with due formality and deliberation, they should now abide the consequences of their omission. In other words, the estate of Peter Johnson having, for a sufficient consideration, leased the premises in question to the defendant for a definite term upon certain conditions, she has the undoubted legal right to insist that those conditions shall be literally fulfilled, even though their fulfillment involves the estate which the plaintiff represents in some loss. Such loss, whatever it may be, it is proper to suggest, arises from no fault of the trustee, for his good faith in the matter is not questioned; but it is rather the result of his predecessors' improvidence. It is urged, however, that if the contract of March 22d is to receive the construction which we are disposed to give it, the defendant cannot insist upon its enforcement, for the reason that by its terms it is to be binding only when signed by all of the immediate heirs of Peter Johnson, deceased; it being conceded that the minor children of a deceased daughter of Peter Johnson are not parties to it. But this contention is one which we do not regard worthy of very serious consideration, inasmuch as the plaintiff brings his action upon the written lease which was executed in pursuance of, and is founded upon, this contract; which fact would seem to deprive him of the right to either assert that its execution was unauthorized, or attack its validity. Our conclusion therefore is that the learned trial court erred in finding that the plaintiff was not entitled to a division of the rental moneys upon the basis contemplated by the agreement of March 22d, as we have construed it, and that for such error a new trial must be directed. Hav-

ing reached this conclusion, it will be unnecessary to consider any of the legal questions which arose upon the former trial.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.    All concur.