ELIZABETH ANN KENDALL, by ELIZABETH T. DAVIS, Her Guardian ad Litem, Respondent, *v.* MESSMORE KENDALL, Appellant. (Action No. 1.)

First Department, April 21, 1922.

**Husband and wife — divorce — enforcement of provision of agreement embodied in foreign decree for payment of certain amount to wife for support of infant daughter — cause of action therefor vested only in wife, individually — wife necessary party where action brought by infant daughter upon refusal of wife to bring same.**

Under a foreign decree of divorce embodying the provisions of an agreement in writing between the husband and wife, obligating him, among other things, to pay a certain sum on the first day of each month to his wife for the support of their infant daughter, and further providing that the use of such money should rest entirely in the discretion of the wife, a cause of action to enforce the payment of such money is vested only in the wife, individually, and the obligation cannot be enforced by the infant daughter without showing that her mother refused to bring an action thereon, and though the action were rightfully brought by the infant the mother would be a necessary party, and any judgment recovered should provide for the payment of the recovery to her.

PAGE, J., dissents in part.

APPEAL by the defendant, Messmore Kendall, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 1st day of June, 1921, upon the decision of the court, rendered after a trial at the New York Special Term, overruling defendant's demurrer to the complaint.

*Kendall & Herzog [George W. Wickersham* of counsel], for the appellant.

*Larkin, Rathbone & Perry [Albert Stickney* of counsel; *Hersey Egginton* with him on the brief], for the respondent.

LAUGHLIN, J.:

This is an action at law by the plaintiff, an infant upwards of fourteen years of age, by her mother as guardian *ad litem*, against her father to recover $9,500, being an aggregate of monthly installments of $500, which, by an agreement in writing between him and his wife, made on the 28th day of December, 1918, and entitled in an action pending in the Second Judicial Court in the State of Nevada, brought by his wife against him for divorce, he agreed to pay and by a decree of divorce entered in the action three days thereafter, he was directed to pay to the plaintiff's mother. It is recited in the agreement that it was made to embody the provisions with respect to the custody of the plaintiff and property rights to be inserted in the decree of divorce, provided the plaintiff should succeed in the action. It obligated the defendant, among other things, to pay $500 per month on the first day of each month to the mother of the plaintiff for the support of the daughter until she married or attained the age of twenty-one years, but provided that the use of the money for the support of the plaintiff should rest entirely in the discretion of her mother, who was to be under no obligation to account therefor, either to the plaintiff or to the defendant. The agreement gave the custody of the plaintiff to her mother for eleven months of the year, with the privilege to the defendant of having her with him one of the summer months to be selected by him. It provided that during the balance of the school year 1918–1919 plaintiff should be placed in a boarding school in or near the city of New York, to be designated by Lewis H. Freedman, representing the plaintiff, from three boarding schools selected by the defendant as satisfactory to him and that upon plaintiff's attaining her sixteenth year she should, for the balance of her school life of at least three years, go to a boarding school, likewise designated from selections to be made by the defendant, and that in the event that Freedman should fail to make the designation within ten days after notice by the defendant of his selection, then the defendant should make it and that upon the failure of the plaintiff's mother to comply with the provisions relating to sending plaintiff to boarding school, the defendant should be relieved of all obligations with respect to paying the $500 per month to the plaintiff's mother for her support. The agreement contained other provisions, not in question here, with respect to the defendant's wife abandoning the use of his name and delivering to him correspondence belonging to him and with respect to the payment of counsel fees and the performance of other obligations by the defendant. The decree of divorce embodies the provisions of the agreement, which it was intended should be incorporated therein.

Plaintiff alleges due performance *by her mother* of all of the covenants and conditions of the agreement and of the decree of divorce to be performed by her. The grounds of the demurrer are: (1) That the complaint fails to state facts sufficient to constitute a cause of action; (2) that there is a defect of parties plaintiff in that plaintiff's mother is a necessary party; and (3) that there is a defect of parties defendant in that she is a necessary party.

The learned counsel for the appellant contends that a recovery herein would not protect his client against a like recovery by the plaintiff's mother and that the plaintiff cannot maintain this action in her own right and that it should have been brought by her mother, to whom only the defendant agreed and was directed to pay the money, and that in any event the mother should have been joined. I am of the opinion that these points are well taken. It is not necessary to decide whether a recovery herein would protect the defendant against an action by the plaintiff's mother individually on the ground that she would be estopped by having taken inconsistent positions (See *Hutchins* v. *Hutchins*, 18 Misc. Rep. 633; *Weinstock* v. *Levison*, 26 Abb. N. C. 244; *Beardsley* v. *McCutcheon*, 25 App. Div. 409; *Johnstown Mining Co.* v. *Butte & Boston Co.*, 60 id. 344), because in no event would a recovery insure the use of the money as contemplated by the defendant. Defendant, by the agreement and the decree, gave over the general custody of the plaintiff to her mother and undertook to pay a specified amount, which evidently was deemed adequate for the support, maintenance and education of the plaintiff until she married or became of age, but his agreement to pay was limited to payment to the plaintiff's mother only and she only was to use the money for the support of their daughter, and, therefore, unless the mother is ready and willing to perform her part of the agreement, even she could not enforce payment by the defendant. The mother as guardian *ad litem* could not receive the proceeds of the recovery without giving an undertaking in double the amount, to be approved by the court, for the faithful discharge of the trust and for paying over and investing the same and accounting therefor and for the observance of any provisions of law and of the rules and regulations of the court with respect to the trust. (Civil Practice Act, § 154; Rules of Civil Practice, rules 41, 42.) The guardian *ad litem* might not be willing or might be unable to give such a bond, and in that event it would become necessary to have a general guardian appointed, if one had not been appointed, or to pay the money into court subject to the further order of the court. The defendant having been deprived of the general custody of the plaintiff by the decree, might not be cited on the application for the appointment of a general guardian

although perhaps having been given her custody for one month in the year, he would be entitled to notice of application (Surrogate's Court Act, § 177) but even if he were given notice there is no certainty that either parent would be appointed the general guardian, because the court is vested with discretion to appoint another. (Surrogate's Court Act, § 179.) The plaintiff's mother having remarried, may be unwilling to bear the responsibility of receiving and using the money for the support of the plaintiff as contemplated by the agreement and decree and may be willing that it should so be applied by another under the discretion of the court; but the defendant did not so contract. If a recovery were had herein, the money might not be applied to the use of the plaintiff in the manner intended by the defendant. I am, therefore, of opinion that the cause of action is vested only in the mother of the plaintiff individually and that it cannot be enforced by the plaintiff without showing that her mother refused to bring it and then the mother would be a necessary party and any judgment recovered should provide for payment of the recovery to her.

It follows that the judgment should be reversed and the demurrer sustained, but without costs and with leave to plaintiff to join or bring in her mother individually and amend if so advised.

DOWLING and MERRELL, JJ., concur; SMITH, J., concurs in result.

PAGE, J.:

I concur in the reason assigned by Mr. Justice LAUGHLIN for a reversal of the judgment, but am of opinion that the complaint should be dismissed. The provision for the support and maintenance of the infant plaintiff was embodied in the decree for divorce. The agreement between the parents thereby became merged in the judgment in the action of *Kendall* v. *Kendall*, to which the infant plaintiff was not a party. This action is in reality brought upon a foreign judgment of divorce to collect unpaid alimony, and cannot be maintained by the child, for, while such portion as the mother should disburse for the purpose of the child's support and education was for the child's benefit, the money was payable, by the terms of the decree, to the mother, and she alone can enforce it.

Judgment reversed and demurrer sustained, without costs, with leave to plaintiff to join as plaintiff or bring in as defendant her mother, Elizabeth T. Davis, and to serve an amended complaint if so advised.