ELIZABETH ANN KENDALL, by ELIZABETH T. DAVIS, Her Guardian ad Litem, Respondent, *v.* MESSMORE KENDALL, Appellant. (Action No. 2.)

First Department, April 21, 1922.

Husband and wife — divorce — suit in equity by infant daughter to compel father to set up trust pursuant to agreement between father and mother embodied in foreign decree of divorce — mother not necessary party — agreement between father and mother not executory — defendant required to set up trust in full notwithstanding death of third party representing wife who was to agree with defendant as to part of securities to be deposited.

In a suit by an infant to compel the defendant, her father, to set up a trust for her benefit, in compliance with an agreement in writing, entered into between him and her mother pending an action in a foreign State for divorce, it appeared that under said agreement the defendant obligated himself to create a trust fund with a certain trust company, one-half thereof to be in securities mutually agreed upon between defendant and a third party representing the wife; that the income should be paid to the wife for life while she remained single, and that in the event of her remarriage said income should be paid to the plaintiff for life. The decree of divorce provided, pursuant to said agreement, for the creation of the trust fund and the payment of the income therefrom. The wife performed all the conditions of the agreement and remarried. The said third party died, leaving no one to carry out the provisions of the agreement with reference to the selection of securities for one-half of the trust fund, and the defendant has neglected and refused to set up the trust.

*Held*, that the remarriage of the defendant's divorced wife left the plaintiff the sole beneficiary of the income of the trust fund during her life, and that, therefore, she has the right to maintain this suit.

The plaintiff's mother is not a necessary party to this suit, for any right of action she may have is for damages owing to the defendant's failure to create the trust.

The agreement was not executory and incomplete so as to relieve the defendant, upon the death of said third party, of any obligation to set up the trust to the extent of the one-half which was to be represented by securities to be selected by said third party.

*It seems*, that the defendant may be required to set up the trust in full and it is competent for the court to decide what funds or securities the defendant shall deposit.

APPEAL by the defendant, Messmore Kendall, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 1st day of June, 1921, upon the decision of the court, rendered after a trial at the New York Special Term, overruling defendant's demurrer to the complaint.

*Kendall & Herzog* [*George W. Wickersham* of counsel], for the appellant.

*Larkin, Rathbone & Perry* [*Albert Stickney* of counsel; *Hersey Egginton* with him on the brief], for the respondent.

LAUGHLIN, J.:

The plaintiff, who is an infant over fourteen years of age, brings this action by her mother as guardian *ad litem,* to compel the defendant, who is her father, to set up a trust for her benefit in compliance with an agreement in writing entered into between him and her mother on the 28th of December, 1918. An action was then pending in the Second Judicial District Court of Nevada, brought by the wife against her husband for a divorce, and the agreement was entitled in that action. It provided that, if the plaintiff should succeed in the action, the provisions of the decree relating to the custody of the plaintiff and to property rights should be only those therein specified. It provided for alimony, and that defendant should pay to his wife $500 on the first day of each month for the support of the plaintiff; and that a trust fund of $40,000 should be created by the defendant with the Farmers Loan and Trust Company of New York city as trustee; and that the income thereof should be paid to the wife for life while she remained single; and that in the event of her remarriage or death the income should be paid to the plaintiff, and upon her death her descendants should take the remainder, and, if she left no descendants, it should go to the heirs of the defendant; and that the trust should terminate at the remarriage of the wife if the plaintiff should die prior to that time. The agreement provided for the insertion in the decree of other provisions not material to this appeal, and further provided as follows: " It is further stipulated and agreed between the parties outside of the provisions of the decree that the Trust Fund above referred to shall be created by the deposit of Twenty Thousand Dollars ($20,000) par value of $4\frac{1}{4}\%$ Liberty Bonds, and Twenty Thousand Dollars ($20,000) in securities to be mutually agreed upon between the defendant and Lewis H. Freedman, representing the plaintiff."

On the 31st day of December, 1918, which was three days after the date of the agreement, a decree of divorce was entered in the action in favor of the wife. It recites the appearance of the defendant, and with respect to the custody of the plaintiff and property rights it contains the provisions which the parties to the divorce action so stipulated should be embodied therein; and thereby it was ordered, adjudged and decreed that the defendant should create a trust fund of $40,000 with the Farmers Loan and Trust Company of New York city as trustee, the income of which should be paid and the remainder of which should pass as already stated. The complaint shows that the plaintiff has never married; that her mother has duly performed all the conditions and covenants of the agreement on her part, and married again on the 5th of June, 1920;

that Freedman died on the 15th of December, 1920, leaving no one to carry out the provisions of the agreement with reference to securities of the value of $20,000, which was to constitute part of the trust fund; that the defendant has neglected and refused and still neglects and refuses to set up the trust as provided in the agreement and decree; and that plaintiff has no adequate remedy at law. The judgment demanded is that defendant be required specifically to perform the agreement in so far as it relates to setting up the trust, and that the court determine or cause to be determined the securities which shall form one-half of the trust fund, with respect to which the agreement contemplated that there should be a mutual agreement between the defendant and Freedman.

The grounds of the demurrer are in substance as follows: (1) That a cause of action is not stated; (2) that the Farmers Loan and Trust Company is a necessary party plaintiff; (3) that it is a necessary party defendant; (4) that plaintiff's mother is a necessary party plaintiff; (5) that she is a necessary party defendant; and (6) that the court has not jurisdiction of the subject-matter of the action.

The remarriage of the defendant's divorced wife leaves the plaintiff the sole beneficiary of the income of the trust fund of $40,000 during her life, and, therefore, she plainly has the right to maintain this action.

The learned counsel for the appellant contends that, since the plaintiff was not a party to the agreement, she has no standing to sue for its specific performance; but the answer to that argument is that, in so far as here involved, it was made for her benefit and she became the sole beneficiary of the life estate on the remarriage of her mother. The contention that the plaintiff's mother is a necessary party is without merit; it is predicated on the fact that by the agreement and decree the mother was entitled to the income of the trust fund until the date of her remarriage; and it is claimed that, if she is not a party to the action in her individual capacity, the defendant may still be subjected to an action by her to recover the income for the period during which she was to receive it, and that such action might involve an inquiry with reference to what securities were to constitute the trust. But manifestly the trust could not be set up now for the benefit of the plaintiff's mother, and, therefore, any right of action she may have must necessarily be one for damages owing to the defendant's failure to set up the trust, and would not be involved in the determination of the issues arising in this suit in equity to compel the defendant to set up the trust for the benefit of the plaintiff.

The learned counsel for the appellant also contends that the

agreement is executory and is incomplete, and that the death of Freedman relieves the defendant of any obligation to set up the trust, and that, in any event, it relieves him from liability with respect to one-half thereof. I am of opinion that the agreement is not executory. The defendant's wife accepted it without applying to the court for larger alimony or a greater allowance for the plaintiff; and the defendant's obligation to support his wife and daughter constituted sufficient consideration therefor. The point as to whether the defendant can be compelled to set up the entire trust is not presented for decision, for the demurrer must be overruled if the plaintiff has stated a cause of action for any part of the relief demanded. But we deem it proper to state, lest the trial court might be misled by our failure to discuss the point, that we see no obstacle to requiring the defendant to set up the trust in full. He agreed that the decree of the court might so provide, and it does so provide; and, moreover, the provisions of the agreement which were not to be incorporated in the decree, to the effect that the defendant should deposit Liberty bonds for one-half of the fund, and that the securities for the other half were to be mutually agreed upon between him and Freedman, left the defendant *no discretion with respect to completing the trust fund*, but merely with respect to the securities which should constitute one-half of it. The latter provision presents no insuperable objections to defendant's being required to deliver securities adequate for the purpose of completing the trust fund, and the court, in making the decree, will be quite competent to give the defendant the benefit of all discretion with respect to securities which the agreement contemplated he should have. The defendant relies on authorities to the effect that it is not competent for the court to make agreements for parties where they merely entered into agreements to agree on something thereafter, or to compel the performance of an agreement where the minds of the parties have not met with respect to all the material provisions thereof, or their agreement is so uncertain that what they intended cannot be determined therefrom. (See *Mayer* v. *Mc-Creery,* 119 N. Y. 434; *McIntosh* v. *Miner,* 37 App. Div. 483; *Petze* v. *Morse Dry Dock & Repair Co.,* 125 id. 267; *Arliss* v. *Brenon Film Corp.,* 230 N. Y. 390; *McDonald* v. *Acker, Merrall & Condit Co.,* 192 App. Div. 123; *Brown* v. *Spohr,* 180 N. Y. 201; *Stanton* v. *Miller,* 58 id. 192; *Wadick* v. *Mace,* 191 id. 1; *Dunlop* v. *Haerter,* 181 N. Y. Supp. 491; *Corney* v. *Kline Building & Const. Co.,* 191 App. Div. 793.) These authorities, however, have no application here, because there was a definite agreement obligating the defendant to create this fund, and it was merely left to him and Freedman to agree with respect to the particular securities he was

to deposit for one-half of the fund. Manifestly he could not avoid his obligation by refusing to agree with Freedman, and it could not be defeated by Freedman's refusal to agree with him; and in such circumstances, if Freedman had lived, the court after a reasonable time could have enforced the obligation; and, since Freedman has died, it is competent for the court to decide what funds or securities the defendant shall deposit to complete his agreement with respect to establishing the trust fund.

Moreover, the provision for an agreement between defendant and Freedman with respect to the securities for one-half of the trust fund was merely a *privilege* given to the defendant, and he assumed all risks incident thereto, including the risk of their inability to agree and of the death of Freedman, for he unconditionally agreed to set up the trust *in toto*, and agreed that this duty should be enjoined upon him by the decree in the divorce action.

It follows that the judgment should be affirmed, with costs, with leave to defendant to withdraw the demurrer and to answer on payment of costs in this court and at Special Term.

DOWLING, SMITH, PAGE and MERRELL, JJ., concur.

Judgment affirmed, with costs, with leave to defendant to withdraw demurrer and to answer on payment of costs in this court and at Special Term.