**Margot Weiss, an Infant, by Ruth R. Weiss, Her Guardian ad Litem, Plaintiff, v. Robert I. Weiss, Defendant.**

Supreme Court, Special Term, New York County, September 8, 1947.

*Albert E. Schwartz* and *Paul Miller* for defendant.

*Leon London* for plaintiff.

Nathan, J. The infant plaintiff brings this action against her father for an accounting and for specific performance of a separation agreement entered into by him with plaintiff's mother. The agreement provides that defendant shall pay to the infant all of his income over $150 per month up to $200 per month, one third of the excess over $200 per month, and in the event that such income is other than cash, the share of such property due to the infant under the above terms shall be administered by defendant until liquidated, when it shall be paid over to her. The agreement was incorporated in a Mexican divorce decree entered upon the consent of both parties.

Defendant moves for summary judgment on the ground that the agreement cannot be enforced here, because to do so would be to enforce a foreign decree of divorce not based upon adultery. In this action, however, plaintiff does not invoke section 1171 of the Civil Practice Act, nor does she sue upon the decree. Defendant, relying upon *Schacht* v. *Schacht* (295 N. Y. 439), contends that the agreement is merged in the decree and cannot of itself be made the basis of the action. That principle might

be applicable in an action by the wife, but by analogy to *Matter of Lindgren* (293 N. Y. 18) the child is not bound by a proceeding to which she was not a party and cannot be placed under any disability which might be imposed upon the parents. Consequently, she is not precluded from taking appropriate action upon an agreement of which she was the beneficiary. Since the moving papers contain no facts concerning defendant's income or his holding of any property for the account of the plaintiff, triable issues are raised, and the motion must be denied.

Settle order.