■ MICHAEL M. BEN AMI et al., Infants, by MARCIA BEN AMI MICHEL, Their Guardian ad Litem, Appellants, v. YITSHAQ BEN AMI, Respondent.— Orders granting defendant's motion under subdivisions 2 and 4 of rule 106 of the Rules of Civil Practice to dismiss the complaint and denying plaintiffs' motion for leave to serve a supplemental complaint are unanimously affirmed, on the law, with $20 costs and disbursements to defendant-respondent. Plaintiffs, the infant children of defendant, their divorced father, sue on a separation agreement. The agreement grants defendant certain visitation rights and requires defendant, among other things, to make payments, in part to the mother and in part to a third person, the " trustee ", for the support and

maintenance of plaintiffs. There is no occasion to depart from the controlling principle that a separation agreement between parents providing for payments to another for the support and maintenance of the children may not, in the ordinary case, be enforced by the children. It may be otherwise when there is a showing that the mother, the contracting party, or the designated payee, refused to sue, or was incapable of bringing action. In that event, the mother, or designated payee, if available, would normally be a necessary party and the judgment would normally provide for payment to those to whom payments are required to be made by the separation agreement. (*Kendall* v. *Kendall No. 1*, 200 App. Div. 702; cf. *Borax* v. *Borax*, 4 N Y 2d 113, 116; see *Kendall* v. *Kendall No. 2*, 200 App. Div. 706.) Since the complaint must be dismissed under this principle, it is not determined whether plaintiffs have independent standing to enforce other provisions of the separation agreement referred to in the proposed supplemental complaint embracing such matters as defendant's irrevocable designation of them as beneficiaries of his life insurance policies. Concur — Breitel, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.