Bergan, J.
The guardian ad litem, Carolyn Polsky, and defendant Melvin M. Forman were formerly married and the infant plaintiffs are their children. The parents in a separation agreement July 2, 1958 provided, among other things, for the husband to pay to the wife periodically specified sums for the support of plaintiffs. The agreement also laid out direct benefits to be provided by the husband for the plaintiffs. The parents were divorced the following year and the wife remarried.
In previous litigation between the parents over the husband’s obligation it was held by the Municipal Court that, the agreement having provided the children be kept by the wife within the “New York Metropolitan Area”, and the wife having taken the children to Connecticut, the husband was relieved of all obligation to pay further sums for the support of the children. The children had been taken to New Haven because the wife’s present husband works and lives there.
In a later proceeding in the New York Family Court, however, the husband was ordered to pay to the wife for the support of the children under the Uniform Support of Dependents Law (Domestic Relations Law, art. 3-A) the amount which had been specified in the agreement—$50 a week for each child. The present action is maintained by the children directly against their father for a declaratory judgment embracing parts of the separation agreement which are purported to have been made for the plaintiffs as third-party beneficiaries.
These claims do not include the agreement made by the father to pay the mother periodic amounts for the support of plaintiffs. Plaintiffs concede they cannot presently enforce this promise directly. But they contend they may enforce certain other undertakings made by their father for their present and future benefit.
*280 The court at Special Term held that the action for a declaration presents a proper case under the facts alleged in which the Supreme Court should take jurisdiction, granted part of the relief sought as to the agreement to provide specific amounts of insurance on the defendant’s life for the benefit of plaintiffs, and dismissed the demand for other relief without prejudice as not being yet ready for any adjudication. The Appellate Division affirmed but granted permission to appeal here.
It has been held in New York that children for whose support a provision is made in a separation agreement between their parents, payable to the mother, are usually not able to enforce the agreement directly in an action against their father, but that such a suit ordinarily should be maintained by the mother (Kendall v. Kendall No. 1, 200 App. Div. 702).
The legal considerations which moved the Appellate Division in 1922 to its decision in Kendall No. 1 were in some measure procedural, involving, among other things, the absence from the action of the mother personally either as plaintiff or defendant, and the limitations flowing from her status as guardian ad litem in applying for the benefit of her ward the proceeds that would come into her possession if her ward succeeded in enforcing the father’s agreement of support (see discussion by Laughlin, J., pp. 703-705).
These grounds aside, there are probably good enough policy reasons to hold to the usual rule that it is preferable to have a mother, who is a direct party to a separation agreement and to whom payments for the support of infant children in her custody are to be made, enforce it.
But children are often the actual third-party beneficiaries of provisions in separation agreements between the parents; and in cases of disability of one kind or another of one spouse to enforce his. own legal rights against the other, some procedural facility for enforcement should be available to the children. This would usually apply to rights other than periodical support; but cases could arise, no doubt, where even periodical support might have to be enforcible by infants themselves. We ought not by a general rule of abnegation foreclose ourselves completely from allowing a remedy that may become appropriate, effective and just. (Cf. Yates v. Yates, 183 Misc. 934.)
*281 The decision of the Appellate Division in Crowell v. Pryor (248 App. Div. 86) has significance in this area. The husband and wife in a separation agreement set up a mutual trust for their infant children with part of the proceeds to be paid for the benefit of the wife and part for the children during their infancy. After a divorce the husband and wife, in order to compromise differences between them arising under the agreement, agreed to revoke it. The trustee was willing to comply, but sought the advice of the court and so the controversy was submitted.
The court held the children had an existing legal interest in the trust created by the separation agreement and that the husband and wife could not revoke it against the interests of the children. Justice O’Malley wrote for the court (p. 89): “ The contention of the plaintiffs that since the separation agreement provided for annual payments to be made to the wife, the issue had no beneficial interest in the stock, is untenable. * * * It is immaterial that they were not personally to receive this income. * * * The children have a beneficial interest in the trust ’ ’.
Recognizing as we should such a right of children in the beneficial provisions of a separation agreement for their direct benefit, the avenue by which it may become enforcible depends on the circumstances of the parties.
The decision in Kendall v. Kendall No. 2 (200 App. Div. 706) is a good procedural illustration. There a husband and wife in a separation agreement had stipulated that a fund be established by the husband for the benefit of the wife until she remarried in which latter event it was to be for the benefit of an infant daughter. The wife had remarried and the husband had failed to establish the fund.
In a direct action by the infant daughter maintained by her through her mother as guardian ad litem, the court required the husband to establish the fund for the daughter’s benefit, and observed (p. 708): “ The remarriage of the defendant’s divorced wife [the plaintiff’s mother and guardian ad litem] leaves the plaintiff the sole beneficiary of the income of the trust fund of $40,000 during her life, and, therefore, she plainly has the right to maintain this action.”
*282 It was held unequivocally in Weiss v. Weiss (190 Misc. 687, affd. 274 App. Div. 788) that an agreement by a father in a separation agreement with the mother that he would pay to the infant specified monthly sums was directly enforcible by the infant against the father.
What was actually decided in Ben Ami v. Ben Ami (9 A D 2d 646, affd. 8 N Y 2d 885, mot. to amend remittitur den. 8 N Y 2d 1002) was that it was neither appropriate nor necessary under the facts of that case to sanction a direct action by the children against their father to enforce his agreement to make payments to the mother and to another payee for the support of the children.
The Appellate Division stated that there was in that case ‘ ‘ no occasion to depart ’ ’ from the principle that an agreement by a parent to pay ‘ ‘ to another ’ ’ for their support is, ‘ ‘ in the ordinary case ”, not enforcible by the children. The court expressly left open and did not decide the question whether the children could directly enforce a,n agreement to make them beneficiaries in an insurance policy (p. 647) and its judgment was affirmed here without comment (8 N Y 2d 885).
The infant plaintiffs thereafter moved in the Court of Appeals to amend the “ judgment of this court [the Court of Appeals] ” to include “ permission to join ” the mother as a party plaintiff. Procedurally this was a motion which belonged not here, but at Special Term, and the comment in denying the motion to amend the remittitur to bring in the mother, that the " children lack status to sue on the separation .agreement ” (8 N Y 2d 1002), must be deemed to relate only to the question then before the court — a motion to amend the remittitur and not a general limitation on the scope or effect of the decision on the merits (p. 885). That decision had affirmed the judgment of the Appellate Division dismissing the complaint and expressly leaving open the question of the right of children to sue under unusual circumstances for their support and their separable right to sue for direct benefits other than support.
No court in New York has held definitively upon a record which squarely presented the question that children would uniformly and always be under complete disability to enforce third-party beneficiary rights under separation agreements made by *283 their parents; and no such absolute rule should now be promulgated.
The case before us illustrates one kind of a procedural situation in which in Ben Ami (supra) the Appellate Division memorandum as affirmed here would seem to have contemplated an action could be brought directly by children. The memorandum had noted: " It may be otherwise when there is a showing that the mother * * * refused to sue, or was incapable of bringing the action ” (9 A D 2d, p. 647). If, as the husband here contends, the technical ‘ ‘ violation ’ ’ of the agreement by the mother as to place of custody makes her incapable of bringing the action to enforce the contract on behalf of the infants, if they have rights that are enforcible, some procedural facility must be provided. The argument ought not be sustained that the mother cannot enforce those rights because of her personal disability and no one else can enforce them because she is the only one who can sue.
The husband also argues that the mother, as guardian ad litem, is the true beneficiary of the claim asserted and that her ‘ ‘ breach of contract ’ ’ought to disable the plaintiffs as well as her in the maintenance of the action. But the cause for a declaratory judgment asserted here is the children’s claim and not the mother’s; and if their cause is justiciable it should be maintained through some guardian, either the mother or someone else. Further, her “ breach ” of the contract over an issue such as whether New Haven is so far outside the metropolitan area as seriously to inconvenience the father in his visitation rights would, in any event, seem insufficient in gravity to impose on her a disability to act as guardian ad litem.
An elaborate argument is pursued by the husband to the effect that the children were not in law third-party beneficiaries because the wife could revoke or control the husband’s promise, i.e., this agreement itself provided that it “ may be modified in any respect by the mutual agreement of the parties hereto ”. From this the husband suggests that the power thus reserved “ negatived any third-party beneficiary agreement ”.
But the facts are that it had not been revoked or modified by mutual consent before the declaration was sought; that the husband could not revoke it unilaterally, and it is most unlikely the wife would agree to mutual modification against the interests *284 of the plaintiffs. Decisions such as Salesky v. Hat Corp. of America (20 A D 2d 114), where a revokable agreement was modified within the time in which this was permissible, and Skinner Bros. Mfg. Co. v. Shevlin Eng. Co. (257 N. Y. 562), where it was held there was no promise by third parties to do anything for the plaintiff’s benefit, have no relevancy to the problem.
The order should be affirmed, with costs.
Chief Judge Desmond and Judges Fuld, Van Voobhis, Bubice, Scileppi and Keating concur.
Order affirmed.