DOROTHY E. DRAKE, Respondent-Appellant, v RICHARD E. DRAKE, Appellant-Respondent.

Fourth Department, October 29, 1982

APPEARANCES OF COUNSEL

*Antell & Harris* (*James S. Hinman* of counsel), for appellant-respondent.

*Pogal & Nessler* (*Gregory L. Dolan* of counsel), for respondent-appellant.

OPINION OF THE COURT

DOERR, J.

The question presented on this appeal is whether a child of the parties to a separation agreement has standing, as a third-party beneficiary, to enforce the terms of the agreement insofar as it relates to periodic support payments. Under the facts of this case we hold that she may not.

In 1963 plaintiff's parents, Winifred B. Drake and Richard E. Drake, entered into a separation agreement later incorporated, but not merged, in a divorce decree. The agreement required the husband to make periodic payments to the wife for the support of five children, whose custody remained in the wife, according to a fixed schedule tied to the husband's then earnings. The agreement also provided for escalated payments of child support as the husband's earnings increased. Payments were to continue until each child reached the age of 21 years, died, became self-supporting, or married and were to be reduced according to a fixed schedule upon the happening of the expressed contingency. Plaintiff is the only child who has not reached the age of 21 years and is presently a full-time college student.

Defendant made the required fixed payments throughout the intervening years, but never made any escalated payments under the agreement and was never called upon by the wife in any judicial proceeding to make such payments. In February, 1981, while still a high school senior, plaintiff moved from her mother's house to that of a friend and requested defendant to send the support payments directly to her. Upon learning that plaintiff no longer resided with her mother, defendant concluded that she was emancipated and ceased making any support payments. Plaintiff thereupon learned for the first time of the terms of her parents' separation agreement, including the escalation clause, and commenced the instant action seeking back payments for the preceding six years, escalated to reflect defendant's earnings which were now substantially greater than in 1963. She also sought an order directing defendant to make support payments to her as required by the agreement until she reaches the age of 21, marries, dies, or becomes self-supporting.

On cross motions for summary judgment Special Term held that plaintiff could not recover sums due prior to the commencement of the action, but that she may recover sums falling due thereafter, including sums due pursuant to the escalation clause in the agreement. Both parties appeal.

The issue here is concerned with the contractual rights of the parties insofar as they flow from the separation agreement of plaintiff's parents and is not to be confused with a child's statutory rights to be supported by its parents (Family Ct Act, § 413; Domestic Relations Law, § 32, subd 1; § 240, subd 1).

It is familiar law that a contract entered into between two parties may be enforced by a third party if the contracting parties intended the contract for the third party's direct benefit (*Airco Alloys Div., Airco Inc. v Niagara Mohawk Power Corp.*, 76 AD2d 68, 79; see, generally, 2 Williston, Contracts [3d ed], §§ 347-403; 22 NY Jur 2d, Contracts, §§ 271-281). Where performance is rendered directly to the third party, it is presumed that the contract was for his benefit (*Goodman-Marks Assoc. v Westbury Post Assoc.*, 70 AD2d 145, 148). It is not enough that the contract benefit the third party incidentally; the agreement must express an intent to assume a duty directly to the third party (*Resinol v Valentine Dolls*, 14 AD2d 853). In ascertaining the rights of an asserted third-party beneficiary, the intention of the promisee is of primary importance, since the promisee procured the promise by furnishing the consideration therefor (*Goodman-Marks Assoc. v Westbury Post Assoc., supra*).

Applying these principles to separation agreements, New York courts long ago concluded that a child could not enforce the support provisions of the agreement, although it could enforce other provisions, such as a promise to set up a trust fund. The seminal case is *Kendall v Kendall* (200 App Div 702; 200 App Div 706). In *Kendall* the child, relying on her parents' separation agreement, sued her father in two separate lawsuits (1) to recover monthly support arrearages (*Kendall I*) and (2) to require him to set up a trust fund (*Kendall II*). The Appellate Division held that the child could enforce the trust fund provision, since she was the sole beneficiary of it, but that she could not enforce the support provisions of the agreement. The court reasoned that the support money was payable to the mother, who had discretion in how the money was spent. Unlike the trust fund, which benefited the daughter exclusively, payment of the support money was an obligation running to

the child's mother. Therefore, the court concluded that the mother was the proper party to enforce the support provision of her contract. This distinction has been recognized repeatedly (see *Ben Ami v Ben Ami,* 9 AD2d 646, affd 8 NY2d 885 [dismissing a complaint seeking enforcement of monthly support, but without prejudice to a suit seeking to enforce other provisions of the agreement relating to life insurance policies; the court noted (p 647) "There is no occasion to depart from the controlling principle that a separation agreement between parents providing for payment to another for the support and maintenance of the children may not, in the ordinary case, be enforced by the children"]; *Magrill v Magrill,* 16 Misc 2d 896, 900-901 [dismissing a cause of action by a child against the father for support based on the separation agreement, noting that the cause of action vests in the mother and that children have no direct interest in the money paid to the mother even though it be wholly or partly for their benefit]; but see *Weiss v Weiss,* 190 Misc 687, affd 274 App Div 788 [child permitted to enforce support provisions; issue of standing not discussed]).

In 1966 the Court of Appeals decided what has become the leading case on this issue. In *Forman v Forman* (17 NY2d 274) the court addressed at length the standing of a child to enforce his parents' separation agreement. The question of periodic support was not at issue in *Forman,* since the mother had breached the separation agreement by moving the children out of State. The Court of Appeals noted that the Forman children "concede" that they could not enforce the support provisions. Instead, the Forman children sought specific performance of their father's promise to make them equal and irrevocable beneficiaries of a life insurance policy in the face amount of $10,000. The Court of Appeals, citing *Kendall I* (200 App Div 702, *supra*), noted that the general rule in New York is that ordinarily "children for whose support a provision is made in a separation agreement between their parents, payable to the mother, are usually not able to enforce the agreement directly in an action against their father [since] such a suit ordinarily should be maintained by the mother" (*Forman v Forman, supra,* p 280). The court then approved

of this general rule, noting that "there are probably good enough policy reasons to hold to the usual rule that it is preferable to have a mother, who is a direct party to a separation agreement and to whom payments for the support of infant children in her custody are to be made, enforce it" (*Forman v Forman, supra,* p 280). The court then held, however, that in some cases children should have standing as third-party beneficiaries to enforce the agreement. The court stated: "But children are often the actual third-party beneficiaries of provisions in separation agreements between the parents; and in cases of disability of one kind or another of one spouse to enforce his own legal rights against the other, some procedural facility for enforcement should be available to the children. *This would usually apply to rights other than periodical support;* but cases could arise, no doubt, where even periodical support might have to be enforcible by infants themselves. We ought not by a general rule of abnegation foreclose ourselves completely from allowing a remedy that may become appropriate, effective and just" (*Forman v Forman, supra,* p 280; emphasis added).

Thus, the rule that comes out of *Forman* is that in some cases children should be granted third-party beneficiary status, although such status will usually apply to promises other than periodic support. However, the door has been left ajar for them to enforce the "incidental" benefits of periodic support upon a proper showing of status to do so. None has been shown in this case.

Since *Forman (supra)* was decided, there have been several cases in which children have sought to enforce their parents' separation agreements. These cases fall into two categories: promises to provide educational expenses (*Bethune v Bethune,* 96 Misc 2d 507, revd on other grounds 60 AD2d 588, revd on other grounds 46 NY2d 897; *Matter of Chilson,* 28 AD2d 766; *Adams v Adams,* 66 Misc 2d 378); and promises to provide for a child in a will or policy of life insurance (*Ferro v Bologna,* 31 NY2d 30, 35; *Matter of Granwell,* 20 NY2d 91; *Matter of Revson,* 86 AD2d 872, 875; *Matter of Orvis,* 35 AD2d 538, 539 [dissenting opn], affd 28 NY2d 572; *Zinga v Zenga* [*sic*], 104 Misc 2d 617; see, also, *Matter of Brown,* 41 AD2d 275, 279, revd on other

grounds 33 NY2d 211 [involving a postdivorce agreement modifying the separation agreement]). In both kinds of cases, the child has uniformly been granted standing as a third-party beneficiary. Significantly, there has been only one case in which a child sought to enforce the periodic support provisions of the separation agreement, and that attempt was denied. The court noted that "[a]n action by children for support payable to a parent pursuant to a separation agreement or decree does not accrue due to a breach unless there are unusual circumstances" (*March v Rumish,* 70 Misc 2d 24, 25, citing *Ben Ami v Ben Ami,* 9 AD2d 646, affd 8 NY2d 885, *supra,* and *Forman v Forman,* 17 NY2d 274, *supra*).

From this may be distilled a simply stated general rule in New York that, barring unusual circumstances, children have no standing to enforce the periodic support provisions of their parents' separation agreement, although they may enforce other specific provisions of the agreement clearly made exclusively for their benefit, such as a promise to pay college tuition or to make the child a beneficiary of a life insurance policy. The distinction drawn comports with the rules of law applicable to third-party beneficiaries and further is rooted in considerations of public policy designed to promote familial harmony and foster the parent-child relationship. A parent's contractual promise to pay support is made with a view toward his statutory duty of support. This duty ceases when the adult child refuses to heed the parent's reasonable restrictions and leaves the custodial home (*Matter of Parker v Stage,* 43 NY2d 128; *Matter of Roe v Doe,* 29 NY2d 188).

We have no doubt that circumstances may arise, such as death or disability, or outright refusal of a contracting parent to seek enforcement of periodic support provisions for a child, which would give a child the necessary standing to enforce the agreement. Such circumstances would have to be pleaded and proved and all necessary parties joined in the action (see *Bethune v Bethune, supra; Ben Ami v Ben Ami, supra,* p 647). In such an event it is to be noted that any waiver of past due periodic support payments effectuated by the failure of the mother to compel enforcement will effectively bind the mother as to such payments (*Mat-*

*ter of Robinson v Robinson,* 81 AD2d 1028), and such waiver is effective against the beneficiary. Such waiver of past due support, however, is no bar from asserting future claims for support based upon the agreement, whether asserted by the promisee to the agreement or by the child upon a proper showing of standing.

For the reasons stated herein the order of Special Term should be modified by striking the second and third ordering paragraphs and by dismissing the complaint *in toto* and as modified affirmed.

SIMONS, J. P., HANCOCK, JR., BOOMER and SCHNEPP, JJ., concur.

Order unanimously modified, and as modified affirmed, without costs, in accordance with opinion by DOERR, J.