Matter of Panella (2023 NY Slip Op 04009)

Matter of Panella

2023 NY Slip Op 04009

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, MONTOUR, AND OGDEN, JJ.

332 CA 22-01573

[*1]IN THE MATTER OF THE ESTATE OF RICHARD N. PANELLA, DECEASED. NICOLE A. IVIE AND STEPHEN R. PANELLA, PETITIONERS-APPELLANTS; DEBORAH WHALEN PANELLA, RESPONDENT-RESPONDENT. (APPEAL NO. 2.)

BYRNE, COSTELLO & PICKARD, P.C., SYRACUSE (JORDAN R. PAVLUS OF COUNSEL), FOR PETITIONERS-APPELLANTS. 
BARCLAY DAMON LLP, SYRACUSE (JON P. DEVENDORF OF COUNSEL), FOR RESPONDENT-RESPONDENT. 

 Appeal from an order of the Surrogate's Court, Oneida County (Louis P. Gigliotti, S.), entered September 21, 2022. The order dismissed the petition. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioners, who are the adult children of Richard N. Panella (decedent), commenced this proceeding seeking to enforce a provision ("will provision") in the 1989 Separation Agreement (Agreement) and Final Decree of Divorce (Decree) between decedent and their mother, Carol D. Jubenville (mother). The will provision stated that decedent and the mother would "execute his or her Last Will and Testament, naming [petitioners] as irrevocable beneficiar[ies] . . . of 100% of the existing assets of his or her gross estate." The Agreement and Decree further stated that decedent and the mother would "provide the other with a conformed copy of the executed will."
In appeal No. 1, petitioners appeal from an order insofar as it denied their motion for summary judgment, while in appeal No. 2 petitioners appeal from an order that dismissed their petition following a hearing. In appeal No. 3, petitioners appeal from an amended order that corrected typographical errors in the order in appeal No. 2.
As a preliminary matter, we conclude that the appeals from the order in appeal No. 1 and amended order in appeal No. 3 must be dismissed. Although we agree with petitioners that their contentions related to their summary judgment motion are not moot, we nevertheless dismiss the appeal from the order in appeal No. 1 because that order is subsumed in the final order in appeal No. 2 (see Matter of Tehan [Tehan's Catalog Showrooms, Inc.] [appeal No. 2], 144 AD3d 1530, 1531 [4th Dept 2016]; Hughes v Nussbaumer, Clarke & Velzy, 140 AD2d 988, 988 [4th Dept 1988]; Chase Manhattan Bank, N.A. v Roberts & Roberts, 63 AD2d 566, 567 [1st Dept 1978]; see generally CPLR 5501 [a] [1]). The issues raised on the appeal from the order denying petitioners' motion for summary judgment are brought up for review on the appeal from the final order (see CPLR 5501 [a] [1]; Matter of Aho, 39 NY2d 241, 248 [1976]; State of New York v 158th St. & Riverside Dr. Hous. Co., Inc., 100 AD3d 1293, 1295 n 2 [3d Dept 2012], lv denied 20 NY3d 858 [2013]). Additionally, inasmuch as the amended order in appeal No. 3 did not make any material or substantive changes to the order in appeal No. 2, the appeal from the amended order in appeal No. 3 must be dismissed (see Schachtler Stone Prods., LLC v Town of Marshall, 209 AD3d 1316, 1318 [4th Dept 2022]; Matter of Kolasz v Levitt, 63 AD2d 777, 779 [3d Dept 1978]).
Decedent died in 2017, and the terms of his 2016 will left his entire estate to respondent, who was his second wife. Ignorant of the provisions of the Agreement and Decree, petitioners signed waivers of process and consented to the probate of decedent's 2016 will. Surrogate's Court entered a decree granting probate on June 1, 2017. Later, the mother had occasion to review the Decree, and informed petitioners about the will provision.
We conclude that the Surrogate properly denied petitioners' motion for summary judgment. This proceeding, at its heart, is a breach of contract action by two adult children who are seeking to enforce a separation agreement that was executed when they were minors. According to petitioners, they are third-party beneficiaries of the will provision contained in the Agreement and Decree and decedent breached that contract when he failed to leave them 100% of his estate in his 2016 will. Petitioners, however, failed to submit decedent's will in support of their motion and, in any event, they failed to establish as a matter of law that decedent breached the Agreement and Decree.
"It is well settled that the elements of a breach of contract cause of action are the existence of a contract, the plaintiff's performance under the contract, the defendant's breach of that contract, and resulting damages" (Arista Dev., LLC v Clearmind Holdings, LLC, 207 AD3d 1127, 1127 [4th Dept 2022] [emphasis added and internal quotation marks omitted]; see Pearl St. Parking Assoc. LLC v County of Erie, 207 AD3d 1029, 1031 [4th Dept 2022]; Wilsey v 7203 Rawson Rd., LLC, 204 AD3d 1497, 1498-1499 [4th Dept 2022]). As alleged third-party beneficiaries of the contract, however, petitioners were not required to demonstrate performance, and we therefore agree with petitioners that the Surrogate improperly focused on whether the mother performed under the Agreement and Decree.
"It has been long established that a third party may sue as a beneficiary on a contract made for [the third party's] benefit . . . An intent to benefit the third party must be shown . . . Absent such intent, the third party is merely an incidental beneficiary with no right to enforce the particular contract" (Goresen v Gallagher, 97 AD2d 626, 627 [3d Dept 1983], lv denied 61 NY2d 602 [1984]). In the seminal case of Forman v Forman (17 NY2d 274 [1966]), the Court of Appeals recognized the right of infant children to enforce separation agreement provisions where the children are the actual and direct beneficiaries of a provision in that agreement (see Markwica v Davis, 99 AD2d 906, 906-907 [3d Dept 1984], affd 64 NY2d 38 [1984]; Forman, 17 NY2d at 280; Drake v Drake, 89 AD2d 207, 209 [4th Dept 1982]).
Notably, the Court in Forman allowed the children's action against the father to proceed even though it was established that the mother was the first to breach the separation agreement (see Forman, 17 NY2d at 283). Relying on Forman, we conclude that petitioners' right to enforce the Decree against decedent's estate is not dependent on the mother's performance of her obligations.
Where, as here, a separation agreement is incorporated but not merged into a judgment of divorce, the agreement "is a contract subject to the principles of contract construction and interpretation" (Matter of Meccico v Meccico, 76 NY2d 822, 823-824 [1990], rearg denied 76 NY2d 889 [1990]; see Matter of Wheeler v Wheeler, 174 AD3d 1507, 1508 [4th Dept 2019]). "[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms . . . Whether a contract is ambiguous is a question of law and extrinsic evidence may not be considered unless the document itself is ambiguous . . . Where, however, contract language is reasonably susceptible of more than one interpretation,
. . . extrinsic or parol evidence may be then permitted to determine the parties' intent as to the meaning of that language" (Timkey v City of Lockport, 167 AD3d 1490, 1491-1492 [4th Dept 2018] [internal quotation marks omitted]; see Ames v County of Monroe, 162 AD3d 1724, 1725-1726 [4th Dept 2018]; see generally Greenfield v Philles Records, 98 NY2d 562, 569-570 [2002]).
To determine whether a contractual provision is ambiguous, the entire agreement must be reviewed as a whole, "and '[p]articular words should be considered, not as if isolated from the context, but in the light of the obligation as a whole and the intention of the parties as manifested thereby' " (Riverside S. Planning Corp. v CRP/Extell Riverside, L.P., 13 NY3d 398, 404 [2009]; see Brad H. v City of New York, 17 NY3d 180, 185-186 [2011]; Continental Indus. Capital, LLC v Lightwave Enters., Inc., 85 AD3d 1639, 1640 [4th Dept 2011]). "An agreement is [*2]unambiguous if the language it uses has a definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no reasonable basis for a difference of opinion" (Ellington v EMI Music, Inc., 24 NY3d 239, 244 [2014] [internal quotation marks omitted]; see Dan's Hauling & Demo, Inc. v GMMM Hickling, LLC, 193 AD3d 1404, 1406 [4th Dept 2021]).
"Ambiguity in a contract arises where the contract, read as a whole, fails to disclose its purpose and the parties' intent . . . , or where specific language is susceptible of two reasonable interpretations . . . [A] party seeking summary judgment has the burden of establishing that the construction it favors is the only construction which can fairly be placed thereon" (Dan's Hauling & Demo, Inc., 193 AD3d at 1406-1407 [internal quotation marks omitted]; see Donahue v Cuomo, 38 NY3d 1, 13 [2022]; see generally Chimart Assoc. v Paul, 66 NY2d 570, 573 [1986]).
Here, upon review of the Agreement and Decree, we conclude that the will provision is ambiguous. Although the will provision required the mother and decedent to name petitioners in their wills as 100% beneficiaries of their then "existing" gross estates and contained no termination provision, the Agreement and Decree contained various provisions setting out benefits to petitioners that would terminate upon their emancipation, as defined therein, as well as provisions with no termination clause that would necessarily terminate upon petitioners reaching the age of majority (see Matter of Stroud v Vahl, 74 AD3d 1726, 1727 [4th Dept 2010]; Matter of Osmundson v Held-Cummings, 20 AD3d 922, 923 [4th Dept 2005], lv denied 5 NY3d 711 [2005]; see generally Domestic Relations Law § 2).
Consequently, we agree with respondent that the will provision was ambiguous regarding its expiration date. Reading the Agreement and Decree as a whole, including the numerous provisions for which termination would necessarily occur even without a specific termination provision, we conclude that petitioners failed to meet their burden of establishing that their interpretation of the will provision is the only construction that can fairly be made. The Surrogate therefore properly denied petitioners' motion for summary judgment.
Following a hearing, the Surrogate concluded that petitioners failed to establish entitlement to relief. Preliminarily, we agree with petitioners that the Surrogate erred in determining that petitioners may enforce the Agreement and Decree only if they establish that the mother requested that the will provision be inserted into the operative documents. Although "[i]n ascertaining the rights of an asserted third-party beneficiary, the intention of the promisee is of primary importance" (Drake, 89 AD2d at 209), here the evidence at the hearing established that both the mother and decedent were promisees, and that decedent, the promisee at issue in this proceeding, requested that the provision be inserted into the Agreement.
Nevertheless, we conclude that the Surrogate properly dismissed the petition because petitioners' own evidence at the hearing, including the testimony of the mother, established that it was the intention of decedent and the mother to leave their assets exclusively to petitioners but only while they were minors (see generally Matter of Brooks v Brooks, 171 AD3d 1462, 1464 [4th Dept 2019]).
Contrary to petitioners' remaining contention, the Surrogate did not violate the law of the case doctrine. Initially, the law of the case doctrine would not apply to the conclusions reached by the Surrogate in the context of the summary judgment motion because the Surrogate's " 'holding in relation to the prior motion . . . was based on the facts and law presented by the parties in that procedural posture, and no more' " (Baumann Realtors, Inc. v First Columbia Century-30, LLC, 152 AD3d 1215, 1216-1217 [4th Dept 2017]). Moreover, "[t]he law of the case doctrine does not apply to appellate review of a subordinate court's order" (Hey v Town of Napoli, 265 AD2d 803, 804 [4th Dept 1999]; see Burgundy Basin Inn v Watkins Glen Grand Prix Corp., 51 AD2d 140, 143 [4th Dept 1976]).
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court