Beckett v Estate of Thomas Beckett

2026 NY Slip Op 02622

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

David Beckett, et al., appellants,

v

Estate of Thomas Beckett, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2023-08923, 2023-09688, (Index No. 63857/22)

Francesca E. Connolly, J.P.

Paul Wooten

Janice A. Taylor

Carl J. Landicino, JJ.

Fava Law Group, PLLC, Larchmont, NY (Marco E. Fava of counsel), for appellants.

Charles G. Fiore, P.C., New York, NY, for respondents.

In an action, inter alia, for a judgment declaring that the plaintiffs are entitled to the decedent's 50% interest in certain real property, the plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Hal B. Greenwald, J.), dated May 26, 2023, and (2) an order of the same court dated August 31, 2023. The order dated May 26, 2023, insofar as appealed from, denied that branch of the plaintiffs' motion which was, in effect, for a preliminary injunction enjoining the defendants from transferring the decedent's 50% interest in the subject property and, sua sponte, directed dismissal of the complaint. The order dated August 31, 2023, denied the plaintiffs' motion for leave to reargue their prior motion, inter alia, in effect, for a preliminary injunction enjoining the defendants from transferring the decedent's 50% interest in the subject property.

[*1]

DECISION & ORDER

Motion by the plaintiffs, inter alia, for leave to appeal to this Court from the orders. By decision and order on motion of this Court dated January 17, 2024, that branch of the motion which is for leave to appeal to this Court from the orders was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeals, it is

ORDERED that the branch of the motion which is for leave to appeal to this Court from so much of the order dated May 26, 2023, as denied that branch of the plaintiffs' motion which was, in effect, for a preliminary injunction enjoining the defendants from transferring the decedent's 50% interest in the subject property is denied as unnecessary (see CPLR 5701[a][2]); and it is further,

ORDERED that the branch of the motion which is for leave to appeal to this Court from so much of the order dated May 26, 2023, as, sua sponte, directed dismissal of the complaint is granted (see id. § 5701[c]); and it is further,

ORDERED that the branch of the motion which is for leave to appeal to this Court from the order dated August 31, 2023, is denied; and it is further,

ORDERED that the appeal from the order dated August 31, 2023, is dismissed, without costs or disbursements; and it is further,

ORDERED that the order dated May 26, 2023, is modified, on the law, by deleting the provision thereof, sua sponte, directing dismissal of the complaint; as so modified, the order dated May 26, 2023, is affirmed insofar as appealed from, without costs or disbursements.

The plaintiffs are the children of Thomas Beckett (hereinafter the decedent) from his first marriage. The plaintiffs commenced this action, alleging that the decedent bequeathed his 50% interest in certain unimproved property located in Martha's Vineyard to the child from his second marriage in violation of a stipulation of settlement that was incorporated but not merged into the judgment of divorce dissolving the first marriage. The plaintiffs sought, inter alia, a judgment declaring that they are entitled to the decedent's 50% interest in the property or, in the alternative, damages.

Simultaneously, the plaintiffs moved, among other things, in effect, for a preliminary injunction enjoining the defendants from transferring the decedent's 50% interest in the property. The Supreme Court issued a temporary restraining order enjoining the defendants from transferring the decedent's 50% interest in the property pending a determination of the motion. The defendants opposed the motion but did not cross-move for any relief.

In an order dated May 26, 2023, the Supreme Court, inter alia, denied that branch of the plaintiffs' motion which was, in effect, for a preliminary injunction and, sua sponte, directed dismissal of the complaint. Thereafter, the plaintiffs moved for leave to reargue their prior motion. In an order dated August 31, 2023, the court denied the plaintiffs' motion for leave to reargue. The plaintiffs appeal from the orders dated May 26, 2023, and August 31, 2023.

The appeal from the order dated August 31, 2023, must be dismissed, as no appeal lies from an order denying reargument (see Arnav Indus. Inc. Profit Sharing Plan & Trust v 3449-3461 Hamilton Ft, LLC, 237 AD3d 786, 787).

"A court's power to dismiss a complaint sua sponte is to be used sparingly, and only when extraordinary circumstances exist to warrant such a dismissal" (Wells Fargo Bank, N.A. v St. Louis, 229 AD3d 116, 119; see Project Guardianship v Chai 91 St. Marks PLC, LLC, 237 AD3d 1122, 1123). Here, no extraordinary circumstances existed warranting dismissal of the complaint (see Project Guardianship v Chai 91 St. Marks PLC, LLC, 237 AD3d at 1123; Wells Fargo Bank, N.A. v St. Louis, 229 AD3d at 125). Accordingly, the Supreme Court should not have, sua sponte, directed dismissal of the complaint.

"To obtain a preliminary injunction, a movant must establish (1) a likelihood of success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) a balancing of the equities in the movant's favor" (Samaha v Brooklyn Bridge Park Corp., 230 AD3d 608, 610 [internal quotation marks omitted]). "As a general rule, the decision to grant or deny a preliminary injunction lies within the sound discretion of the Supreme Court" (Miller v 6 Sterling Dr. Trust, 231 AD3d 1020, 1021 [alteration and internal quotation marks omitted]; see Corporate Coffee Sys., LLC v R.U.G. Consulting, LLC, 235 AD3d 829, 830). "Absent unusual or compelling circumstances, appellate courts are reluctant to disturb that determination" (Miller v 6 Sterling Dr. Trust, 231 AD3d at 1021 [internal quotation marks omitted]).

Here, although the plaintiffs arguably established their standing to commence this action as the actual and direct beneficiaries of a provision of their parents' stipulation of settlement (see Forman v Forman, 17 NY2d 274, 280; Matter of Panella, 218 AD3d 1198, 1200; Matter of Revson, 86 AD2d 872, 874; Matter of Chilson, 28 AD2d 766, 766; Matter of Horowitz, 40 Misc 3d 719, 733 [Sur Ct, Nassau County]), the plaintiffs did not demonstrate irreparable injury absent a preliminary injunction (see Brighton Leasing Corp. v Brighton Realty Corp., 233 AD3d 839, 841). Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' motion which was, in effect, for a preliminary injunction enjoining the defendants from [*2]transferring the decedent's 50% interest in the property.

CONNOLLY, J.P., WOOTEN, TAYLOR and LANDICINO, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court