Jones, J.
We hold that the proscription of EPTL 10-5.3 renders unenforceable the agreement made by this decedent to exercise two general testamentary powers of appointment in favor of his son.
The decedent was the donee of two separate powers of appointment— one over the assets of a trust under his mother’s 1925 will, the other over the assets of an inter vivas trust he himself had created in 1927. Incident to the resolution of family dif- ■ ferences, in 1944 he agreed to exercise his powers in part in favor of his son, James, respondent herein, and at the same time executed a will making appointments in accordance with that agreement. Some 20 years later, in 1964, the decedent executed a new will in which he appointed the assets of both trusts to his estate, with no benefits flowing to the son. On his death the 1964 will was admitted to probate. In the present proceeding the son seeks to enforce his father’s 1944 agreement to exercise the powers in his favor.
Surrogate’s Court, Queens County, held the agreement unenforceable as to the assets of both trusts under EPTL 10-5.3. The Appellate Division reversed in part, holding that the 1944 agreement was enforceable against the assets of the inter vivas. trust, but agreeing that enforcement was barred as to the assets of the testamentary trust.
All of us agree that the agreement cannot be enforced as to the testamentary trust; a majority of us agree with the Surrogate that the agreement cannot be enforced as to the inter vivas trust either.
EPTL 10-5.3 provides: “ Contract to appoint; power not presently exercisable, (a) The donee of a power of appointment which is not presently exercisable, or of a postponed power which has not become exercisable, cannot contract to make an "appointment. Such a contract, if made, cannot be the basis of an action for specific performance or damages, but the promisee *214 can obtain restitution of the value given by him for the promise unless the donee has exercised the power pursuant to the contract.”
It is urged, however, that, notwithstanding that EPTL 10-2.2 specifically defines “ donee ” of a power of appointment to include a person “in whose favor a power is reserved” — obviously a grantor — EPTL 10-5.3 should not be applied where the donee of the power is also the grantor of the trust.
We recognize that the statute may have been addressed primarily to powers of appointment created by a testator or a grantor other than the donee as to property of such testator or grantor over which the donee is accorded a power of disposition only on death (e.g., Farmers’ Loan & Trust Co. v. Mortimer, 219 N. Y. 290): — here the mother’s testamentary trust. We would be disposed, however, notwithstanding the explicit termi- . nology of the' statute, to exclude from its operation inter vivas trusts of which the donee was also the grantor, if in addition, by provision, of thé trust instrument or by operation of law, the grantor had an unlimited power to revoke the trust and thus, had retained substantial dominion over the trust assets. In such instance as. a practical matter any proscription of EPTL 10-5.3 could readily be circumvented by a revocation or modificatian of the trust to assure precisely the disposition otherwise . proscribed by statute. It surely could then be argued that the Legislature could scarcely have intended to prohibit a grantor from exercising a limited power as to assets over which he otherwise had unlimited power. Further, to say that where the grantor had power to revolee and thus to recapture the trust assets, he nevertheless could not agree to appoint the same assets, would be to exalt form over substance.
That is not, however, this case. Here the decedent’s rights as grantor over the assets of the 1927 inter vivas trust must be determined under pre-195Í law. (L. 1951, ch. 180). Under the . terms of this trust instrument itself the grantor retained very limited and carefully circumscribed.powers of invasion, of prin- . • cipal, certainly no general power of revocation. Nor, in our . view, could this grantor have effected a revocation under former section 23 of. the Personal Property Law, applicable to this trust.- In this trust instrument following the reserva- .- tian of the general testamentary power of appointment, the *215 first gift in default of its exercise was “ to the issue of the ‘ Grantor ’ per stirpes ”, The following and final limitation was “ unto the next of kin of the ‘ Grantor ’ in accordance with the laws of the State of New York, in the shares and proportions to which such next of kin would be entitled ”. While this latter limitation in default, standing alone, might be held to have created a reversion, the specific intervening gift to issue must be held to have created a remainder. (Richardson v. Richardson, 298 N. Y. 135; cf. Matter of Burchett, 299 N. Y. 351.) Thus the consent of these contingent remaindermen would have been a prerequisite to any revocation or amendment of the trust by the grantor under section 23 of the Personal Property Law. (2 Scott, Trusts [3d ed.], § 127.1, pp. 986-987.) It cannot be said that by operation of law the grantor of this trust had a power of revocation. Without a power reserved in the instrument or implied in law this decedent did not have such power of dominion over the assets of the 1927 inter vivas trust as in our view would support an argument that it should be excepted from the operative scope of EPTL 10-5.3.
Nor, in view of the explicit and distinctive provisions of EPTL 10-5.3, do we conclude that that section does not apply to trusts in which grantor and donee are the same because under the provisions of another section, EPTL 10-7.4, the creditors of such grantor-donee might reach the trust assets. We consider the rights of creditors clearly distinguishable from those of the grantor-donee.
We accordingly hold that EPTL 10-5.3 is applicable to both testamentary and inter vivas trusts in this case and that this decedent’s agreement to exercise his powers of appointment in the prescribed manner is unenforceable as to the assets of both, trusts.
We further agree with the Surrogate that on the facts in this case respondent is not entitled to any restitution under the provisions of the last sentence of EPTL 10-5.3 (subd. [a]).
Accordingly the order of the Appellate Division is reversed, the decree of Surrogate’s Court is reinstated and the case is . remitted to the Surrogate’s Court.