■ HENRY R. BENJAMIN, JR., et al., Appellants, v MORGAN GUARANTY TRUST COMPANY OF NEW YORK et al., Respondents, and SOUTHAMPTON HOSPITAL ASSOCIATION et al., Intervenors-Respondents. [609 NYS2d 276] —In an action seeking, *inter alia,* to invalidate the exercise of a power of appointment and for an accounting, the plaintiffs appeal from so much of an order of the Surrogate's Court, Suffolk County (Signorelli, S.), dated March 13, 1992, as granted that branch of the defendant's motion which was for summary judgment dismissing so much of the plaintiffs' complaint as sought to invalidate the exercise of the power of appointment by the beneficiary of the marital trust, as set forth in the Will of Henry Rogers Benjamin, and found that defendant trustee, Morgan Guaranty Trust Company of New York, was not liable to the plaintiffs for damages.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs contend, among other things, that the appointments made by Germaine Benjamin Cromwell, the widow of Henry Rogers Benjamin and beneficiary of the marital trust created by his will, of the remainder of the marital trust to the two hospital intervenors, should be declared invalid because these appointments were made pursuant to an agreement with the defendant trustee, and were, therefore, (1) in contravention of the testator's intention when he created the power of appointment, and (2) invalid by reason of EPTL 10-5.3, which prohibits the contracting away of such a power of appointment. We disagree.

The will creating the marital trust also granted a general power of appointment to Mrs. Cromwell upon her death. Although it is true that EPTL 10-5.3 (a) proscribes entering into a contract which would limit or direct how a power of appointment may be exercised, and such a contract is unenforceable, any appointment made pursuant to such a contract which otherwise complies with the scope of the power of appointment is not rendered invalid by virtue of the existence of the contract (see, *Matter of Brown,* 33 NY2d 211; *Farmers' Loan & Trust Co. v Mortimer,* 219 NY 290; *Matter of Rogers,* 168 Misc 633). Here, the appointments were within the scope of the power of appointment, and the Surrogate's Court properly declined to declare them invalid.

We have examined the plaintiffs' remaining contentions, and find them to be without merit. Sullivan, J. P., Miller, O'Brien and Krausman, JJ., concur.