■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID DICKSON, Appellant. — Judgment, Supreme Court, New York County (Galligan, J.), rendered December 15, 1978, convicting the defendant, after a jury trial, of rape in the first degree, sodomy in the first degree, burglary in the second degree, and robbery in the third degree, and sentencing him to 12½ to 25 years on the rape and sodomy counts, 7½ to 15 years on the burglary count, and 3½ to 7 years on the robbery count, modified, on the law, by reversing the conviction on robbery in the third degree and by reducing the conviction on that count to grand larceny in the third degree, and by remanding the case for resentencing on that count, and, as modified, otherwise affirmed. As the People candidly concede, the defendant's conviction on the count of robbery in the third degree (Penal Law, § 160.05) cannot be sustained by the evidence. The evidence at trial shows that defendant did not use force in stealing complainant's property. Therefore, we reduce the conviction on that count to grand larceny in the third degree (Penal Law, § 155.30) and we remand for resentencing on that count. We find no merit to the other points raised by the defendant. Concur — Murphy, P. J., Kupferman, Carro, Markewich and Fein, JJ.

■ In the Matter of VERA D. STEIN, Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents. — Judgment, Supreme Court, New York County (Scott, J.), entered August 7, 1980, in a proceeding under CPLR article 78, modified, in the exercise of discretion, to convert the fourth and fifth causes of action stated in the petition into causes of action at law for money damages claimed to have been suffered by petitioner by reason of failure to pay her at an appropriate salary level, and to remand those causes to Supreme Court, New York County, for prosecution therein, and otherwise affirmed, without costs. In addition to the fourth and fifth causes, petitioner sought relief for alleged failure to credit her with probationary service for substitute teaching, for a declaration that she was entitled to tenure of employment, and for reinstatement as a teacher of common branch subjects, and as a teacher of emotionally disturbed children. Special Term properly dismissed those other causes for failure to exhaust administrative remedies before seeking article 78 relief. But this requirement has no application to causes at law for money damages, which should survive Special Term's disposition of the other causes. Accordingly, the fourth and fifth causes may be pursued as indicated. (CPLR 103, subd [c].) Concur — Sandler, J. P., Sullivan, Carro, Markewich and Lupiano, JJ.