# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**866**

**CA 12-02275**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

BURT G. RAMOS, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TIMOTHY P. HUGHES, DEFENDANT-APPELLANT.

---

JOHN F. PRESCOTT, JR., DEPEW, FOR DEFENDANT-APPELLANT.

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (THOMAS DIGATI OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

-----------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered June 19, 2012. The order, among other things, granted that part of the motion of plaintiff seeking dismissal of defendant's fourth and fifth counterclaims.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of the motion seeking dismissal of the fourth and fifth counterclaims and reinstating those counterclaims and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking partition of real property owned by the parties. In his answer, defendant asserted various counterclaims, including for breach of an unwritten domestic partnership agreement (fourth and fifth counterclaims). Thereafter, plaintiff moved, inter alia, to dismiss the counterclaims. As relevant to this appeal, Supreme Court granted that part of the motion seeking dismissal of the fourth and fifth counterclaims.

We agree with defendant that he asserted legally cognizable counterclaims for breach of a domestic partnership agreement. On a motion to dismiss pursuant to CPLR 3211, pleadings are to be liberally construed (*see Leon v Martinez*, 84 NY2d 83, 87; *see also* CPLR 3026). The court is to "accept the facts as alleged in the [pleading] as true, accord [the proponent of the pleading] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon*, 84 NY2d at 87-88). "[T]he criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one" (*id.* at 88 [internal quotation marks omitted]; *see Parker v Leonard*, 24 AD3d 1255, 1256). With respect to domestic partnership agreements, "New York courts have long accepted the concept that an express agreement between unmarried persons living together is as enforceable as though

they were not living together . . . , provided only that illicit sexual relations were not 'part of the consideration of the contract' " (*Morone v Morone*, 50 NY2d 481, 486).  Additionally, there is no statutory requirement that such a contract be in writing (*see id.* at 488).  We conclude that here defendant sufficiently pleaded counterclaims for breach of a domestic partnership agreement and that the court therefore erred in dismissing the fourth and fifth counterclaims (*see id.* at 485-488).  Thus, we modify the order accordingly.

Entered:  September 27, 2013                    Frances E. Cafarell
                                                Clerk of the Court