# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1263**

**CA 13-00867**

PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

BAUMANN REALTORS, INC., PLAINTIFF-APPELLANT,

V                                                           MEMORANDUM AND ORDER

FIRST COLUMBIA CENTURY-30, LLC AND HEALTHNOW
NEW YORK, INC., DEFENDANTS-RESPONDENTS.

---

BLAIR & ROACH, LLP, TONAWANDA (DAVID L. ROACH OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

LEWNDOWSKI & ASSOCIATES, WEST SENECA (ASHLEY J. LITWIN OF COUNSEL),
FOR DEFENDANTS-RESPONDENTS.

---------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered March 12, 2013. The order granted the motion of defendants to dismiss the complaint.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.

Memorandum: Plaintiff commenced this action alleging that defendant First Columbia Century-30, LLC (Columbia) breached a broker commission agreement with plaintiff, that defendant HealthNow New York, Inc. (HealthNow) tortiously interfered with that agreement and that, as a result of such breach and tortious interference, plaintiff sustained damages as a third-party beneficiary of a lease. Defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (1), and Supreme Court granted the motion. We reverse.

Pursuant to a 2001 broker commission agreement, Columbia recognized plaintiff as "the exclusive leasing agent" for HealthNow and agreed to pay plaintiff a commission "for the initial term of the lease" and an additional commission if HealthNow "renew[ed] or extend[ed] the term of the lease." Thereafter, in 2001, HealthNow and Columbia entered into a 10-year lease with an option to renew for two five-year terms "upon all of the [same] terms and conditions" if HealthNow provided notice of renewal a year "prior to expiration of the then current term." In 2011, HealthNow, using its own broker, entered into a new lease with Columbia that contained different terms and conditions and purportedly superseded the 2001 lease.

"On a motion to dismiss pursuant to CPLR 3211, pleadings are to be liberally construed . . . The court is to accept the facts as

alleged in the [pleading] as true . . . [and] accord [the proponent of the pleading] the benefit of every possible favorable inference" (*Ramos v Hughes*, 109 AD3d 1121, 1122 [internal quotation marks omitted]).  A motion to dismiss pursuant to CPLR 3211 (a) (1) will be granted if the documentary evidence "resolves all factual issues as a matter of law, and conclusively disposes of the [plaintiff's] claim[s]" (*Wells Fargo Bank, N.A. v Zahran*, 100 AD3d 1549, 1550, *lv denied* 20 NY3d 861 [internal quotation marks omitted]).

Contrary to the court's conclusion, the documentary evidence does not conclusively establish as a matter of law that the 2011 lease was a new lease, as opposed to a renewal or extension of the 2001 lease. We conclude that plaintiffs are entitled to discovery on the issue whether the 2011 lease was a renewal or extension of the 2001 lease (*see Ernie Otto Corp. v Inland Southeast Thompson Monticello, LLC*, 91 AD3d 1155, 1157, *lv denied* 19 NY3d 802; *cf. Stern v Satra Corp.*, 539 F2d 1305, 1310).

Entered:  January 3, 2014                    Frances E. Cafarell
                                             Clerk of the Court