# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**65**

**CA 16-01212**

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND CURRAN, JJ.

---

ERINN BARSKI, DAVID BARSKI AND BARSKI'S XTREME
LAZER TAG, LLC, PLAINTIFFS-APPELLANTS,

V                                                     MEMORANDUM AND ORDER

TOWN OF AURELIUS, DEFENDANT-RESPONDENT.

---

CAMARDO LAW FIRM, P.C., AUBURN (JUSTIN T. HUFFMAN OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

MACKENZIE HUGHES LLP, SYRACUSE (W. BRADLEY HUNT OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Cayuga County (Mark H. Fandrich, A.J.), entered September 9, 2015. The order granted defendant's motion to dismiss plaintiffs' amended complaint.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying defendant's motion in part and reinstating the first cause of action and as modified the order is affirmed without costs.

Memorandum: The individual plaintiffs, the owners of plaintiff Barski's Xtreme Lazer Tag, LLC, entered into a lease with the Finger Lakes Mall, located in defendant, Town of Aurelius. Plaintiffs applied for a building permit to enable them to renovate the leased premises, submitting the necessary documentation and plans. Defendant issued the building permit to plaintiffs and, upon completion of the renovations, plaintiffs received a certificate of occupancy. They opened the business in December 2013, but defendant revoked the certificate of occupancy the following month, alleging that a different fire protection system than had been previously approved was required. The new fire protection system was cost-prohibitive, and plaintiffs had to close the business. Plaintiffs commenced this action alleging, inter alia, causes of action for negligent misrepresentation and violation of their procedural due process rights. Supreme Court granted defendant's motion to dismiss the amended complaint pursuant to CPLR 3211, and plaintiffs appeal. We note at the outset that plaintiffs on appeal do not challenge the dismissal of their second cause of action and are therefore deemed to have abandoned that cause of action (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984). We agree with plaintiffs that the court erred in granting that part of the motion with respect to one of the two remaining causes of action, and we therefore modify the order

accordingly.

"On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction . . . We accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88). The "criterion [on a CPLR 3211 motion] is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one" (*Ramos v Hughes*, 109 AD3d 1121, 1122 [internal quotation marks omitted]). Affording the allegations in the amended complaint every possible favorable inference (*see Palladino v CNY Centro, Inc*., 70 AD3d 1450, 1451), we conclude that plaintiffs have alleged a cause of action for negligent misrepresentation, and they correctly acknowledged that liability may not be imposed without the existence of a special relationship (*see generally Okie v Village of Hamburg*, 196 AD2d 228, 232). We further agree with plaintiffs that the doctrine of exhaustion of administrative remedies has no application here inasmuch as plaintiffs are seeking money damages in this action based on defendant's alleged negligent misrepresentation (*see Matter of Stein v Board of Educ. of City of N.Y.*, 87 AD2d 514, 514).

Finally, we reject plaintiffs' contention that the court erred in dismissing their remaining cause of action inasmuch as plaintiffs failed to state a viable procedural due process cause of action (*see Fike v Town of Webster*, 11 AD3d 888, 889-890).

Entered:  February 10, 2017                    Frances E. Cafarell
                                               Clerk of the Court