■ BAUMANN REALTORS, INC., Respondent, v FIRST COLUMBIA CENTURY-30, LLC, et al., Appellants. [58 NYS3d 846]—

Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered April 28, 2016. The order denied the motion of defendants for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: In 2001, plaintiff entered into a broker commission agreement (agreement) with defendant First Columbia Century-30, LLC (First Columbia), which provided, inter alia, that plaintiff would be paid a five percent commission upon occupancy pursuant to a lease between First Columbia and a corporate relative of defendant HealthNow New York, Inc. (HealthNow). Insofar as relevant here, the agreement further stated that First Columbia "agrees to pay to [plaintiff] an ad-

ditional commission of two and one half percent (2.5%) of the gross rents payable during the renewed or extended lease term" if the lessee "renews or extends the term of the lease." Defendants entered into a lease of an entire building in November 2001 (hereafter, 2001 lease), and plaintiff was paid a commission pursuant to the agreement. Defendants entered into a lease of part of the same building in 2011 (hereafter, 2011 lease), and plaintiff sought a commission pursuant to the agreement. When defendants declined to pay the commission, plaintiff commenced this action for breach of contract and related relief. Supreme Court originally granted defendants' motion to dismiss the complaint, but this Court reversed that order on appeal (*Baumann Realtors, Inc. v First Columbia Century-30, LLC*, 113 AD3d 1091 [2014]). Defendants now appeal from an order denying their motion for summary judgment dismissing the complaint. We agree with defendants that the court erred in denying their motion.

In our prior appeal, we reviewed the motion to dismiss under the well established standard for such motions, i.e., " '[o]n a motion to dismiss pursuant to CPLR 3211, pleadings are to be liberally construed . . . The court is to accept the facts as alleged in the [pleading] as true . . . [and] accord [the proponent of the pleading] the benefit of every possible favorable inference' " (*id.* at 1092). In that appeal, we concluded that "the documentary evidence does not conclusively establish as a matter of law that the 2011 lease was a new lease, as opposed to a renewal or extension of the 2001 lease" (*id.*). We further concluded that plaintiff was entitled to discovery on the issue whether the 2011 lease was a renewal or extension of the 2001 lease (*see id.* at 1092-1093).

On this appeal, however, we review the motion pursuant to the "well settled [standard requiring] that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact' " (*O'Brien v Port Auth. of N.Y. & N.J.*, 29 NY3d 27, 36-37 [2017], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In view of the current procedural posture of this case, our determination is now based upon, among other things, the additional evidence submitted by the parties after full discovery regarding the circumstances surrounding defendants' determination to enter into the 2011 lease. The law of the case doctrine therefore does not apply, because "[o]ur holding in relation to the prior motion to dismiss was based on the facts and law presented by the parties in that procedural posture,

and no more" (*191 Chrystie LLC v Ledoux*, 82 AD3d 681, 682 [2011]; *see Moses v Savedoff*, 96 AD3d 466, 468 [2012]).

It is well established that, if a commission agreement provides that a broker will be entitled to a commission upon a renewal of a lease, then the terms of that agreement control, but no commission is due if "[t]he new lease itself showed that it was executed, not as the result of the exercise of the option by the tenant, but of an entirely new letting, upon different terms; and it was not, therefore, the result of any of the plaintiff's efforts to procure a tenant that the new lease was executed" (*Allwin Realty Co. v Barth*, 161 App Div 568, 572 [1914]). Thus, "New York law provides that 'before the lessor is obligated to pay [ ] commissions, the renewal must be for the same term and the same rent as the original lease, or the new lease must have been the result of services performed by the broker' " (*John F. Dillon & Co. LLC v Foremost Maritime Corp.*, 2004 WL 1396180, *9, 2004 US Dist LEXIS 11383, *27 [SD NY 2004], quoting *Stern v Satra Corp.*, 539 F2d 1305, 1310 [1976]). In order to establish that a subsequent lease of the same premises between the same parties is a renewal or extension of an earlier lease for which the broker of the original lease is entitled to recover a commission, rather than a new lease, "there must be proof (1) of a special agreement between the broker and the lessor . . . ; (2) [of] compliance with [the statute of frauds]; (3) that the renewal was for the same term and rent . . . ; [and] (4) in the event of failure to prove (3), there must be proof that the [subsequent] lease was the result of services performed by the broker and for which he should be entitled to recover" (*Mitchnik v Brennan*, 159 Misc 287, 291 [1936]). "Mere amendments to a preexisting tenant's lease, that do not materially affect the rights of the parties under it or otherwise work to annul the prior agreement, do not constitute a new agreement" (*Ernie Otto Corp. v Inland Southeast Thompson Monticello, LLC*, 91 AD3d 1155, 1157 [2012], *lv denied* 19 NY3d 802 [2012]; *see e.g. The Wharton Assoc., Inc. v Continental Indus. Capital LLC*, 137 AD3d 1753, 1753-1754 [2016]).

Here, we agree with defendants that they met their burden on their motion by establishing that the 2011 lease was a new lease, rather than a renewal of the 2001 lease. In support of their motion, defendants submitted evidence establishing that, under the 2011 lease, HealthNow was leasing only part of the subject building, rather than the whole building as called for under the 2001 lease. In addition, the 2011 lease called for First Columbia to make structural changes to the building to

accommodate HealthNow's changing needs, and to install a backup generator at a cost in excess of $300,000. Furthermore, the rent was higher in the 2011 lease, it was not calculated in accordance with the terms for a renewal as provided in the 2001 lease, and the 2011 lease was for a term of seven years, whereas the 2001 lease called for a renewal term of five years. Finally, defendants established that the 2011 lease was not the result of any brokerage services performed by plaintiff.

In opposition, plaintiff failed to raise a triable issue of fact (*see generally Alvarez*, 68 NY2d at 324). We have considered plaintiff's further contentions and conclude that they do not require a different result. Consequently, we reverse the order, grant the motion, and dismiss the complaint. Present—Smith, J.P., Centra, Peradotto, Lindley and NeMoyer, JJ.