# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

801

CA 11-00155

PRESENT: SCUDDER, P.J., SMITH, CARNI, SCONIERS, AND GREEN, JJ.

---

CONTINENTAL INDUSTRIAL CAPITAL, LLC,
PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

LIGHTWAVE ENTERPRISES, INC., ET AL., DEFENDANTS,
AND STEPHEN C. ARNOLD, DEFENDANT-RESPONDENT.

---

CULLEY, MARKS, TANENBAUM & PEZZULO, LLP, ROCHESTER (GARY J. GIANFORTI OF COUNSEL), FOR PLAINTIFF-APPELLANT.

ELLIOTT STERN CALABRESE LLP, ROCHESTER (IRVING PHETERSON OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (David Michael Barry, J.), entered July 28, 2010. The order, among other things, limited defendant Stephen C. Arnold's liability to the amount specified in the guaranty agreement.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In an action seeking, inter alia, to enforce a limited guaranty, plaintiff contends that Supreme Court erred in determining that defendant Stephen C. Arnold is not liable to plaintiff for attorneys' fees in excess of the limitation contained in his personal guaranty. We reject that contention. It is undisputed that an officer of defendant Lightwave Enterprises, Inc. (Lightwave) entered into a lease with plaintiff, and that Arnold and other officers of Lightwave contemporaneously signed a limited guaranty providing that they would be liable for all payments due under the lease. The guaranty also provided in consecutive sentences that the unsuccessful party in an action brought by plaintiff against Arnold and the other guarantors would be liable for reasonable attorneys' fees to be fixed by the court and that the guaranty "is limited to $50,000 individually and $150,000 in the aggregate." After Lightwave defaulted on its obligations, plaintiff commenced proceedings seeking, inter alia, to enforce the lease against Lightwave and the guaranty against Arnold and the other guarantors. In a bench decision, the court concluded that plaintiff was entitled to a judgment against Lightwave and the guarantors in the amount of $510,510.24. In the order on appeal, the court further concluded that Arnold's liability under the guaranty was limited to $50,000, inclusive of attorneys' fees.

Contrary to plaintiff's contention, the guaranty unequivocally limits Arnold's liability to $50,000, and we thus conclude that plaintiff may not seek attorneys' fees that would increase Arnold's exposure under the guaranty. We reject plaintiff's contention that the guaranty is ambiguous on the issue of whether the limit includes attorneys' fees. "Whether an agreement is ambiguous is a question of law for the courts . . . Ambiguity is determined by looking within the four corners of the document, not to outside sources . . . And in deciding whether an agreement is ambiguous courts 'should examine the entire contract and consider the relation of the parties and the circumstances under which it was executed. Particular words should be considered, not as if isolated from the context, but in the light of the obligation as a whole and the intention of the parties as manifested thereby. Form should not prevail over substance and a sensible meaning of words should be sought' " (*Kass v Kass*, 91 NY2d 554, 566, quoting *William C. Atwater & Co. v Panama R.R. Co.*, 246 NY 519, 524). In addition, a guaranty is to be strictly construed (*see generally White Rose Food v Saleh*, 99 NY2d 589, 591).

Here, the guaranty does not state that plaintiff is entitled to attorneys' fees in excess of the amount guaranteed. If the parties had wished to provide otherwise, it is elementary that they could have done so (*see e.g. Anglo Irish Bank Corp. Ltd. v Ashkenazy*, 28 Misc 3d 1222[A], 2010 NY Slip Op 51428[U], *4-5; *County Glen, LLC v Himmelfarb*, 4 Misc 3d 1015[A], 2004 NY Slip Op 50886[U], *4). Inasmuch as the guaranty at issue here unequivocally and without reservation limits Arnold's liability to $50,000, plaintiff is not entitled to recover attorneys' fees that would expand his liability in excess of that amount.

Entered:  June 10, 2011                                      Patricia L. Morgan
                                                             Clerk of the Court