# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1175**
**CA 15-00440**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

RICHARD P. JEANETTI, ET AL., PLAINTIFFS,

                    V                                    MEMORANDUM AND ORDER

CASLER MASONRY, INC., BY AND THROUGH ITS AGENTS,
OFFICERS AND/OR EMPLOYEES, DEFENDANT.
-------------------------------------------------
CASLER MASONRY, INC., BY AND THROUGH ITS AGENTS,
OFFICERS AND/OR EMPLOYEES, THIRD-PARTY
PLAINTIFF-RESPONDENT-APPELLANT,

                    V

BARR & BARR, INC., THIRD-PARTY
DEFENDANT-APPELLANT-RESPONDENT.

---

MARONEY & O'CONNOR LLP, NEW YORK CITY (JAMES P. O'CONNOR OF COUNSEL),
FOR THIRD-PARTY DEFENDANT-APPELLANT-RESPONDENT.

BENDER & BENDER, LLP, BUFFALO (THOMAS W. BENDER OF COUNSEL), FOR
THIRD-PARTY PLAINTIFF-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Supreme Court, Cayuga County (Mark H. Fandrich, A.J.), entered May 12, 2014. The order, among other things, granted in part and denied in part the motion of third-party defendant for summary judgment dismissing the third-party complaint and denied the cross motion of third-party plaintiff for summary judgment in the third-party action.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in its entirety and dismissing the third-party complaint and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries sustained by Richard P. Jeanetti (plaintiff) while participating in the rescue of an employee of defendant-third-party plaintiff, Casler Masonry, Inc., by and through its agents, officers and/or employees (Casler), at a construction job site. At the time of plaintiff's alleged injuries, third-party defendant, Barr & Barr, Inc. (Barr), was engaged as construction manager for the project pursuant to a contract with the owner, Colgate University. Casler was performing masonry work on the project under a subcontract with Barr. The subcontract included an

additional Scaffolding Indemnity Agreement that, inter alia, permitted Barr to use Casler's scaffolding "for the purpose of performing miscellaneous tasks during masonry operations" at the project.

Casler's employee was injured in the course of his employment with Casler when a large concrete beam fell on him while he was working on Casler scaffolding.  Plaintiff was present at the work site as a Barr employee, in his capacity as superintendent of labor.  Plaintiff, along with emergency responders, climbed the scaffolding to assist in the rescue and transfer of Casler's employee from the scaffolding to the ground.  Plaintiff allegedly injured his back in the process.

Plaintiffs' complaint is founded upon the "danger invites rescue" doctrine (see generally Provenzo v Sam, 23 NY2d 256, 260).  After interposing an answer to the complaint, Casler commenced a third-party action against Barr, asserting causes of action for common-law indemnification and contractual indemnification.  The latter cause of action was predicated upon provisions in the Scaffolding Indemnity Agreement requiring Barr to defend and indemnify Casler for any claims and expenses "arising out of or resulting from [Barr's] use, negligence, fault or omission in maintenance, handling, or operation of the Scaffolding."  Barr moved for summary judgment dismissing the third-party complaint, and Casler cross-moved for summary judgment on the issue of contractual indemnification.  Supreme Court granted Barr's motion with respect to common-law indemnification, and denied the motion and cross motion with respect to contractual indemnification.  We conclude that the court should have granted Barr's motion in its entirety, and we therefore modify the order accordingly.

We agree with Barr that it owes no contractual duty to indemnify Casler.  Where, as here, "a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed" (Hooper Assoc. v AGS Computers, 74 NY2d 487, 491).  Moreover, the language of an indemnity agreement "should not be extended to include damages which are neither expressly within its terms nor of such character that it is reasonable to infer that they were intended to be covered under the contract" (Niagara Frontier Transp. Auth. v Tri-Delta Constr. Corp., 107 AD2d 450, 453, affd 65 NY2d 1038; see Zanghi v Laborers' Intl. Union of N. Am., AFL-CIO, 21 AD3d 1370, 1372).  Here, plaintiff was allegedly injured in a rescue operation of Casler's employee resulting from Casler's masonry work.  We conclude that "no contractual duty to indemnify under such circumstances is either expressly imposed [by] or reasonably to be inferred" from the language of the Scaffolding Indemnity Agreement (Zanghi, 21 AD3d at 1373).

In light of our determination, we do not address Barr's remaining contentions.

Entered:  November 20, 2015                    Frances E. Cafarell
                                               Clerk of the Court