# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1309**
**CA 16-00475**
PRESENT: WHALEN, P.J., CENTRA, DEJOSEPH, AND SCUDDER, JJ.

---

JEFFREY J. MCKAY AND SANDRA MCKAY,
PLAINTIFFS-APPELLANTS-RESPONDENTS,

V                                                           MEMORANDUM AND ORDER

JARED WEEDEN, C.T. GATES CONSTRUCTION, INC.,
DEFENDANTS-RESPONDENTS-APPELLANTS,
NOLAN CONSTRUCTION, LLC, NOLAN DRYWALL, LLC,
DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANT.

---

HODGSON RUSS LLP, BUFFALO (PATRICK J. HINES OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS-RESPONDENTS.

LAW OFFICES OF JOHN WALLACE, ROCHESTER (JOHN WALKER OF COUNSEL), FOR
DEFENDANT-RESPONDENT-APPELLANT JARED WEEDEN.

RUPP BAASE PFALZGRAF CUNNINGHAM LLC, ROCHESTER (MATTHEW A. LENHARD OF
COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT C.T. GATES CONSTRUCTION,
INC.

GOLDBERG SEGALLA LLP, ROCHESTER (NICHOLAS J. PONTZER OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal and cross appeals from an order of the Supreme Court, Monroe County (J. Scott Odorisi, J.), entered January 4, 2016. The order, among other things, denied the motion of plaintiffs for summary judgment, and granted in part and denied in part the cross motion of defendant Jared Weeden and the motion of defendant C.T. Gates Construction, Inc. for summary judgment.

It is hereby ORDERED that said cross appeal by defendant Jared Weeden from the order insofar as it granted that part of his cross motion seeking dismissal of the Labor Law claims against him is unanimously dismissed, and the order is modified on the law by vacating the sua sponte dismissal of the complaint against defendants Nolan Construction, LLC, and Nolan Drywall, LLC; denying the cross motion of those defendants and reinstating the Labor Law §§ 200 and 240 (1) claims, the common-law negligence cause of action, and the cross claim of defendant C.T. Gates Construction, Inc., against them; denying that part of the motion of defendant C.T. Gates Construction, Inc., with respect to the Labor Law § 240 (1) claim and reinstating that claim against it; granting those parts of plaintiffs' motion seeking partial summary judgment on the issues of liability on the

Labor Law § 240 (1) claim and the violation of 12 NYCRR 23-1.7 (b) (1); granting that part of plaintiffs' motion seeking dismissal of the counterclaims of defendants Nolan Construction, LLC, Nolan Drywall, LLC, and C.T. Gates Construction, Inc., for contractual indemnification; and granting the cross motion of defendant Jared Weeden in its entirety, and as modified the order is affirmed without costs.

Memorandum:  Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries allegedly sustained by Jeffrey J. McKay (plaintiff) when, while hanging a piece of drywall, he stepped into an unguarded stairwell opening and fell to the concrete basement floor below.  Plaintiff was hired by defendants Nolan Construction, LLC, and Nolan Drywall, LLC (collectively, Nolan) to finish drywall in a single-family home owned by defendant Jared Weeden.  Weeden contracted with defendant C.T. Gates Construction, Inc. (Gates), to construct the home, and Gates subcontracted with Nolan to complete the drywall work.  It is undisputed that railings around the opening in the floor had been removed by someone other than plaintiff.  Because the drywall work had been delegated to Nolan by Gates, Nolan "obtain[ed] the concomitant authority to supervise and control that work[,] and [Nolan therefore became] a statutory 'agent' of [Gates]" (*Russin v Louis N. Picciano & Son*, 54 NY2d 311, 318).  Furthermore, plaintiff was injured while engaged in an activity delegated to Nolan (*see Burns v Lecesse Constr. Servs., LLC*, 130 AD3d 1429, 1432).  We thus conclude that Supreme Court erred in sua sponte dismissing the complaint against Nolan on the ground that Nolan is not a statutory agent for purposes of liability pursuant to Labor Law §§ 200, 240 (1), and 241 (6), and we therefore modify the order accordingly.

We agree with plaintiffs that the court erred in denying that part of their motion seeking partial summary judgment on liability on their Labor Law § 240 (1) claim and in granting, instead, those parts of the motion of Gates and cross motion of Nolan seeking dismissal of that claim against them.  We therefore further modify the order by denying those parts of the motion and cross motion, reinstating that claim, and granting that part of plaintiffs' motion.  As a preliminary matter, we note that the court relied on our decision in *Riley v Stickl Constr. Co.* (242 AD2d 936) for its determination that a fall from the first floor through an unguarded opening to the basement is not a fall from an elevated worksite within the meaning of section 240 (1).  To the extent that *Riley* stands for the proposition that a worker falling from the first floor to the basement is not protected by section 240 (1), that decision is no longer to be followed.  Instead, we conclude that, because there was a "difference between the elevation level of the required work and a lower level" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514), and "[b]ecause plaintiff fell through an opening in the floor, [plaintiffs are] entitled to judgment on liability under Labor Law § 240 (1)" (*Russell v Baker Rd. Dev. Inc.*, 278 AD2d 790, 790, *lv dismissed* 96 NY2d 824; *see King v Malone Home Bldrs., Inc.*, 137 AD3d 1646, 1649; *Manns v Norstar Bldg. Corp.*, 12 AD3d 1022, 1023).

We further conclude that the court erred in denying that part of plaintiffs' motion seeking summary judgment on the limited issue whether 12 NYCRR 23-1.7 (b) (1) was violated, and we therefore further modify the order accordingly.  That regulation, which is sufficiently specific to support a cause of action under Labor Law § 241 (6) (*see Pitts v Bell Constructors, Inc.*, 81 AD3d 1475, 1476), requires protection from hazardous openings.  It is undisputed that the protective railings and the plywood cover had been removed from the stairwell opening and that plaintiff fell through the opening to the floor below.  Thus, "it is for the jury to determine whether the negligence of some party to, or participant in, the construction project caused plaintiff's injury.  If proven, the general contractor [and the statutory agent are] vicariously liable without regard to . . . fault" (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 350).  With respect to Nolan, we note that "[a] subcontractor . . . will be liable as an agent of the general contractor for injuries sustained in those areas and activities within the scope of the work delegated to it" (*Piazza v Frank L. Ciminelli Constr. Co., Inc.*, 12 AD3d 1059, 1060).

That part of Weeden's cross appeal relating to the Labor Law claims is dismissed inasmuch as he is not aggrieved by that part of the court's order dismissing those claims against him (*see Burns*, 130 AD3d at 1432).  We conclude, however, that the court erred in denying that part of Weeden's cross motion seeking to dismiss the common-law negligence cause of action and cross claims against him.  Weeden established that plaintiff's injury occurred as a result of the manner and method of the work, that he did not exercise any supervisory control over the work and, thus, that no liability attaches to him (*see Hargrave v LeChase Constr. Servs.*, 115 AD3d 1270, 1271-1272).  No party raised an issue of fact sufficient to defeat the cross motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  We therefore further modify the order by granting Weeden's cross motion in its entirety.

We reject the contention of Gates on its cross appeal that the court erred in denying that part of its cross motion seeking to dismiss the Labor Law § 200 claim and common-law negligence cause of action against it.  "Section 200 of the Labor Law is a codification of the common-law duty imposed upon [a] . . . general contractor to provide construction site workers with a safe place to work.  An implicit precondition to this duty 'is that the party charged with that responsibility have the authority to control the activity bringing about the injury' " (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877).  Because there are issues of fact whether Gates's employees removed and/or failed to replace the railings and plywood cover, Gates failed to establish that it satisfied its duty to provide a safe place to work as required by section 200.  Even assuming, arguendo, that Gates established that it did not supervise or control plaintiff's work, we conclude that, "[i]nasmuch as plaintiff[s] allege[] that the accident occurred as the result of a dangerous condition on the premises, any issue whether [Gates] supervised or controlled plaintiff's work is irrelevant . . . [Gates], as the part[y] seeking summary judgment dismissing those claims, [was] required to establish as a matter of law that [it] did not exercise

any supervisory control over the general conditions of the premises or that [it] neither created nor had actual or constructive notice of the dangerous condition on the premises" (*Burns*, 130 AD3d at 1434 [internal quotation marks omitted]).  Here, Gates failed to establish as a matter of law that it did not create the dangerous condition or that it lacked actual or constructive notice of it.

We reject Gates's further contention that the court erred in denying that part of its cross motion seeking summary judgment on its cross claim against Nolan for common-law indemnification.  "[A] party cannot obtain common-law indemnification unless it has been held to be vicariously liable without proof of any negligence or actual supervision on its own part" (*McCarthy v Turner Constr., Inc.*, 17 NY3d 376, 377-378).  Inasmuch as there are issues of fact with respect to whether Gates complied with its duty pursuant to section 200 and whether it was negligent, summary judgment on the cross claim against Nolan was properly denied (*see Krajnik v Forbes Homes, Inc.*, 120 AD3d 902, 904-905).  We nevertheless agree with Gates that the court erred in granting those parts of Nolan's cross motion seeking dismissal of the Labor Law § 200 claim and the common-law negligence cause of action against Nolan, and we therefore further modify the order accordingly.  We note that Gates has standing to raise this issue because it asserted a cross claim against Nolan for contribution and common-law indemnification based upon Nolan's alleged culpable conduct (*see Scoville v Town of Amherst*, 277 AD2d 1038, 1039).  We conclude that Nolan failed to establish as a matter of law that it did not have the authority to supervise and control plaintiff's work and, thus, it failed to establish that liability cannot be imposed on it under section 200 (*see Finocchi v Live Nation Inc.*, 141 AD3d 1092, 1093-1094).  We further conclude that Nolan failed to establish that it lacked actual or constructive notice of the dangerous condition and, thus, that it cannot be held liable for common-law negligence (*see Burns*, 130 AD3d at 1434).

Finally, we agree with plaintiffs that the court erred in denying that part of their motion seeking dismissal of the counterclaims of Gates and Nolan for contractual indemnification, and we therefore further modify the order accordingly.  It is undisputed that on September 5, 2007, plaintiff signed a document appearing on letterhead for Nolan Construction, LLC entitled "Indemnification Statement."  The indemnification statement provides, inter alia, that he, as a subcontractor, would pay and indemnify the "owner and contractor" against any loss and will hold each of them harmless and pay any "liability or damage . . . , which the owner and general contractor incurred because of injury to . . . any person . . . as a consequence of the performance of the work."  Plaintiff, and a representative of Nolan, also signed on the same day a "Sub-Contract Agreement," which provides in relevant part that the agreement "is intended to memorialize certain of the terms and conditions concerning payment and completion of work in connection with certain sub-contract jobs . . . In the event that the [subcontrator] employs any workers, he shall . . . indemnify and hold [Nolan] harmless for any liabilities or claims which may be made by such personnel against [Nolan], or any liabilities or claims which may be made by third parties based on any

acts or omissions of [subcontractor] or such personnel."  It is axiomatic that, "[w]hen a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed . . . The promise should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances" (*Hooper v AGS Computers*, 74 NY2d 487, 491-492).  Indeed, "the language of an indemnity agreement 'should not be extended to include damages which are neither expressly within its terms nor of such character that it is reasonable to infer that they were intended to be covered under the contract' " (*Jeanetti v Casler Masonry, Inc.*, 133 AD3d 1339, 1340, quoting *Niagara Frontier Transp. Auth. v Tri-Delta Constr. Corp.*, 107 AD2d 450, 453, *affd* 65 NY2d 1038).  We conclude that it is not "clearly implied from the language and purpose of the agreement" that plaintiff agreed to indemnify Gates and Nolan for, inter alia, damages awarded for injuries he sustained as a result of their respective failure to comply with Labor Law §§ 200, 240 (1), and 241 (6), or their negligence (*Hooper*, 74 NY2d at 491-492).  We further conclude that damages awarded to plaintiff for injuries he sustained as a result of the culpable conduct of those defendants are not " 'of such character that it is reasonable to infer that they were intended to be covered under the contract' " (*Jeanetti*, 133 AD3d at 1340).

Entered:  March 24, 2017                    Frances E. Cafarell
                                           Clerk of the Court