# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**146**

**CA 16-01197**

PRESENT: CENTRA, J.P., PERADOTTO, CURRAN, TROUTMAN, AND SCUDDER, JJ.

---

AUTOCRAFTING FLEET SOLUTIONS, INC.,
PLAINTIFF-RESPONDENT,

V                                                      MEMORANDUM AND ORDER

ALLIANCE FLEET CO., ET AL., DEFENDANTS,
AND JEFF BELL, DEFENDANT-APPELLANT.

---

LECLAIR KORONA VAHEY COLE LLP, ROCHESTER (STACEY E. TRIEN OF COUNSEL),
FOR DEFENDANT-APPELLANT.

GALLO & IACOVANGELO, LLP, ROCHESTER (DAVID D. SPOTO OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered May 6, 2016. The order denied the motion of defendant Jeff Bell to dismiss the complaint against him.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the complaint against defendant Jeff Bell is dismissed.

Memorandum: Plaintiff commenced this breach of contract action against Alliance Fleet Company (Alliance) and certain individuals, including Jeff Bell (defendant), who executed personal guarantees on the subject asset purchase agreement. In its complaint, plaintiff alleged, inter alia, that Alliance breached its obligation to make payment under section 2.1 of the agreement. Defendant made a pre-answer motion to dismiss pursuant to CPLR 3211 (a) (1) and (7), and he asserted that he could not be held liable for a breach of section 2.1 under any provision of the agreement. In opposition, plaintiff asserted that section 9.2 of the agreement, which defendant personally guaranteed, obligated him to indemnify plaintiff for any losses incurred by Alliance's failure to perform under the agreement. Supreme Court denied defendant's motion.

We agree with defendant that the court erred in denying his motion to dismiss the complaint against him. When interpreting a contract, " '[a] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms' " (*Potter v Grage*, 133 AD3d 1248, 1249, quoting *Greenfield v Philles Records*, 98 NY2d 562, 569). Moreover, "[a] guaranty is to be interpreted in the strictest manner" (*White Rose Food v Saleh*, 99 NY2d 589, 591; *see Continental Indus. Capital, LLC v*

*Lightwave Enters., Inc.*, 85 AD3d 1639, 1640). Here, the obligation that plaintiff seeks to enforce under section 2.1 was not included in the guarantee clause. By its express terms, that clause was fashioned for the "sole purpose" of securing a guarantee on "Sections 2.2, 2.5, 7.5, 9.2 and 9.4," and thus it must be limited to those enumerated sections. If the parties had wished to hold the individual guarantors personally liable for payment of the purchase price, they could have done so (*see Continental Indus. Capital, LLC*, 85 AD3d at 1640).

We further agree with defendant that the indemnification clause in section 9.2 does not apply to claims between the parties for a breach of section 2.1. " '[A] contract assuming th[e] obligation [to indemnify] must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed' " (*Jeanetti v Casler Masonry, Inc.*, 133 AD3d 1339, 1340, quoting *Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491; *see Capretto v City of Buffalo*, 124 AD3d 1304, 1310). In other words, we may not extend the language of an indemnification clause "to include damages which are neither expressly within its terms nor of such character that it is reasonable to infer that they were intended to be covered under the contract" (*Jeanetti*, 133 AD3d at 1340 [internal quotation marks omitted]). Here, section 9.2 provides that defendant "shall . . . indemnify" plaintiff for "any and all . . . losses" that plaintiff "may incur by reason" of Alliance's "failure to perform any of its . . . commitments." It is hornbook law that "a promise of indemnity against loss is a promise by the indemnitor to reimburse the indemnitee after the indemnitee has paid [a] third party" (Calamari and Perillo, Contracts § 17.8, at 680 [5th ed 2003]). In our view, it is not reasonable to infer that the boilerplate indemnification language in section 9.2 contemplated defendant's personal liability on an intraparty claim of a breach of section 2.1, particularly in light of the fact that section 2.1 was excluded from the guarantee clause. We thus conclude that, accepting the facts in the complaint as true and according plaintiff the benefit of every favorable inference (*see generally Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc.*, 20 NY3d 59, 63), the court should have granted defendant's motion to dismiss the complaint against him.

Entered: March 24, 2017                          Frances E. Cafarell
                                                 Clerk of the Court