Didas v Rochester Gas & Elec. Corp. (2021 NY Slip Op 04797)





Didas v Rochester Gas & Elec. Corp.


2021 NY Slip Op 04797


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CARNI, NEMOYER, CURRAN, AND WINSLOW, JJ.


179 CA 20-00832

[*1]REGAN DIDAS, PLAINTIFF-RESPONDENT,
v
ROCHESTER GAS AND ELECTRIC CORPORATION, DEFENDANT-APPELLANT. 






BURKE, SCOLAMIERO & HURD, LLP, ALBANY (STEVEN V. DEBRACCIO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SEGAR & SCIORTINO PLLC, ROCHESTER (JASON D. POSELOVICH OF COUNSEL), FOR PLAINTIFF-RESPONDENT.


 Appeal from an order of the Supreme Court, Monroe County (Richard A. Dollinger, A.J.), entered June 25, 2020. The order, among other things, granted the motion of plaintiff for partial summary judgment on liability pursuant to Labor Law § 240 (1). 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that he allegedly suffered while completing the installation of a concrete floor that was being poured in a building owned by defendant. Specifically, plaintiff fell through a hole in the floor to the level below after the unsecured piece of plywood that he was standing on to do his work—which had been used to cover the hole—suddenly shifted. Defendant appeals from an order that, inter alia, granted plaintiff's motion for partial summary judgment with respect to liability on his Labor Law § 240 (1) cause of action and denied defendant's cross motion for summary judgment dismissing the complaint. We affirm.
Initially, defendant contends that Labor Law § 240 (1) does not apply here inasmuch as plaintiff created the elevation-related risk. We reject that contention. We have often held that where, as here, a worker falls through an inadequately covered hole to another level of a construction site, the accident involves an elevation-related risk that implicates that provision of the Labor Law (see e.g. McKay v Weeden, 148 AD3d 1718, 1719 [4th Dept 2017]; Manns v Norstar Bldg. Corp., 12 AD3d 1022, 1023 [4th Dept 2004]; Russell v Baker Rd. Dev., 278 AD2d 790, 790 [4th Dept 2000], lv dismissed 96 NY2d 824 [2001]). Contrary to defendant's contention, this case differs from Broggy v Rockefeller Group, Inc. (8 NY3d 675 [2007]), where the Court of Appeals concluded that Labor Law § 240 (1) did not apply because the plaintiff chose to place himself in a situation involving an elevation-related risk, and the underlying work did not require him to be protected from the effects of gravity (Broggy, 8 NY3d at 681-682). Here, in contrast, even if plaintiff did not work directly on the plywood-covered hole, he was necessarily required to work in close proximity to the opening to do his job and, therefore, Labor Law § 240 (1) applies because plaintiff was entitled to the protection against the elevation-related danger that he might fall into the hole in some other manner.
We also reject defendant's contention, with respect to the Labor Law §§ 240 (1) and 241 (6) causes of action, that kneeboards and generalized safety information provided at a meeting constituted adequate safety devices that plaintiff chose not to use for no good reason, rendering him recalcitrant or the sole proximate cause of the accident (see generally Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39-40 [2004]; Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 290 [2003]; Provens v Ben-Fall Dev., LLC, 163 AD3d 1496, 1499 [4th Dept [*2]2018]). An object constitutes an adequate "safety device" only where it provides "proper protection from an elevation-related risk" (Gonzalez v Romero, 178 AD3d 1401, 1401 [4th Dept 2019] [internal quotation marks omitted]). Here, kneeboards were not an adequate safety device because they would not have provided plaintiff any protection against the elevation-related risk posed by the hole in the floor. Rather, the inadequate safety device in this case was the unsecured piece of plywood used to cover the hole (see Alonzo v Safe Harbors of the Hudson Hous. Dev. Fund Co., Inc., 104 AD3d 446, 449-450 [1st Dept 2013]). Because the inadequate plywood cover was a statutory violation, it was therefore "conceptually impossible" for plaintiff to be the sole proximate cause of the accident (Blake, 1 NY3d at 290). Further, even if plaintiff ignored general safety instructions to stay off the plywood while working on the floor, those general instructions would not suffice to serve as a safety device that satisfied defendant's nondelegable duty under Labor Law § 240 (1), especially where, as here, the plywood cover was inadequate to provide plaintiff with proper protection (see Luna v Zoological Socy. of Buffalo, Inc., 101 AD3d 1745, 1746 [4th Dept 2012]). Inasmuch as defendant failed to meet its initial burden on its cross motion with respect to the Labor Law §§ 240 (1) and 241 (6) causes of action, we conclude that, contrary to defendant's contention, Supreme Court properly denied its cross motion with respect to those causes of action (see Fazekas v Time Warner Cable, Inc., 132 AD3d 1401, 1404 [4th Dept 2015]; see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). In addition, we conclude that the court properly granted plaintiff's motion for partial summary judgment on the Labor Law § 240 (1) cause of action inasmuch as plaintiff met his initial burden on the motion and defendant failed to raise a triable issue of fact in opposition thereto (see generally Flowers v Harborcenter Dev., LLC, 155 AD3d 1633, 1634-1635 [4th Dept 2017]; Luna, 101 AD3d at 1745-1746).
We further conclude that the court properly searched the record and granted plaintiff summary judgment with respect to liability on the Labor Law § 241 (6) cause of action (see generally Dunham v Hilco Constr. Co., 89 NY2d 425, 429-430 [1996]). The facts here plainly established that Industrial Code (12 NYCRR) 23-1.7 (b) (1) (i) was violated and that the violation caused the accident. That section unambiguously provides, in pertinent part, that "[e]very hazardous opening into which a person may step or fall shall be guarded by a substantial cover fastened in place or by a safety railing constructed and installed in compliance with this Part (rule)" (12 NYCRR 23-1.7 [b] [1] [i] [emphasis added]). Here, it is undisputed that the plywood cover was unsecured, and that plaintiff fell into the hole when the plywood cover suddenly shifted. We note that, to be entitled to partial summary judgment with respect to liability on that cause of action, plaintiff was not obligated to prove the absence of comparative fault (see generally Rodriguez v City of New York, 31 NY3d 312, 317-325 [2018]; Allington v Templeton Found., 167 AD3d 1437, 1438-1439 [4th Dept 2018]).
Finally, we conclude that the court properly denied the cross motion to the extent that it sought summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action. Defendant contends that this case involves the means and methods of plaintiff's work and that, therefore, it is entitled to summary judgment dismissing those causes of action because defendant did not supervise or control plaintiff's work (see generally Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877 [1993]). Contrary to defendant's contention, however, this case involves not the means and methods of plaintiff's work, but rather a dangerous condition—i.e., the large hole in the floor that opened to the level below—for which defendant may be found liable if it created or had either actual or constructive notice of the condition for a sufficient length of time before the accident to remedy it (see Lombardi v Stout, 80 NY2d 290, 295 [1992]; McKay, 148 AD3d at 1720-1721; see generally Gordon v American Museum of Natural History, 67 NY2d 836, 837-838 [1986]). Here, defendant failed to meet its initial burden on its cross motion with respect to the common-law negligence and section 200 causes of action inasmuch as it failed to establish as a matter of law that it did not create the dangerous condition or have actual or constructive notice of it (see McKay, 148 AD3d at 1721).
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court